Earl **WILLIAMS** et al., Appellants,

v.

Le **GARAGE** De La **PAIX,**
INC., Appellee.

No. 1760.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1978.

Rehearing Denied March 8, 1978.

---

George M. Bishop, Houston, for appellants.

Milton Schwartz, Houston, for appellee.

CIRE, Justice.

Earl Williams and George Catania appeal from an adverse judgment which ordered them to pay $25,900 to Le Garage De La Paix, Inc., appellee, due to a breach of a five year lease agreement which was executed by the parties.

Appellee Le Garage De La Paix, Inc. (Le Garage) filed its original petition in county civil court on July 10, 1974 and alleged that appellants had executed a five year lease agreement with appellee covering the premises at 243 Westheimer and that they were delinquent on the rental payment; specifically on their June 1974 payment in the amount of $2,000 monthly rent, $1,366.75 monthly insurance premiums and $60.00 for monthly tax payments, totaling $3,366.75 for the month of June (the petition incorrectly added the three figures). The petition also alleged that these payments were to be made in advance and that future payments would become due and accrue until December 1, 1977, the last month of the rental period, or until the date of trial, whichever event occurred first. Appellants subsequently filed a "Motion to Dismiss for Want of Jurisdiction" which was overruled by the trial court. The case proceeded to trial and resulted in a jury verdict and judgment favorable to appellee.

■ The appellants assert that the trial court erred in twelve separate points. Points of error one and two claim that the trial court erred in assuming jurisdiction and in failing to dismiss the suit because appellee, in its petition, asserted a claim in excess of the $5,000.00 jurisdictional limit for a county court. We agree.

The question of jurisdiction, insofar as the amount in controversy is concerned, is determined by the petition, and is concluded by the averments insofar as they state facts in relation to the thing in controversy. The amount in controversy is determined by the value to the plaintiff of the right that he asserts in good faith in his pleading setting forth the operative facts constituting his cause of action. . . .

15 Tex.Jur.2d *Courts* § 71 at 506–508 (1965) (footnotes omitted). The petition, filed on July 10, actually sought payment not only for the month of June but also for July since the payments were specifically due in advance. Therefore, on July 10, the date of filing, appellee's petition actually alleged an amount in excess of the $5,000.00 jurisdictional maximum which a county court at law can award. *See* Tex.Rev.Civ.Stat.Ann. art. 1970a (Supp.1978).

Each month's rental under a lease contract constitutes a separate and independent cause of action, and appellee could have sued for delinquent rental only for the month of June 1974. This amount would have been within the court's jurisdiction.

Appellee chose, however, to sue for all monthly rentals "to accrue until and including December 1, 1977." Even if he had filed suit prior to July 1, he still would have put in issue a sum in excess of the $5,000.00 jurisdictional limit of the county court. We recognize that this holding is in conflict with the language in *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.— Dallas 1972, writ ref'd n.r.e.). The court there stated:

> Appellant-plaintiff also asked the court, in its original pleading, to allow it to recover each month's rental on the lease contract, as the same accrued. This it had the right to do since where rent is payable monthly each month's rent constitutes a separate and independent cause of action. *Davidson v. Hirsh*, 45 Tex.Civ. App. 631, 101 S.W. 269 (1907); *Williams v. Houston Cornice Works*, 46 Tex.Civ. App. 70, 101 S.W. 839 (1907). The new cause of action for each month's rent as it accrued did not destroy the jurisdiction of the court. *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (Tex.Comm'n App.1924); and *Buie-Crawford Co. v. Cleburne National Bank*, 111 S.W.2d 830 (Tex.Civ.App., Waco 1937).

479 S.W.2d at 750.

■ We disagree with the language in the *Regal* case because we believe that the only cases in which a court can entertain suits and enter judgments in excess of their jurisdictional limits are Texas Rule of Civil Procedure 752 situations or similar cases where the court has jurisdiction of the main suit, and that part of the suit which ordinarily would be without the court's jurisdiction is but ancillary to the main cause of action. *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962); *Isbell v. Kenyon-Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762 (Tex.Comm'n App. 1924, opinion adopted).

Because of our ruling, a discussion of appellee's cross-points and appellants' remaining points of error is not necessary.

The judgment is reversed and the case is dismissed.