Affirmed and Opinion filed December 14, 2006








Affirmed and Opinion filed December 14, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00071-CV

_______________

 

JOHN R. HAAS, Appellant

 

V.

 

ASHFORD HOLLOW COMMUNITY IMPROVEMENT ASSOCIATION,
INC., Appellee

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 3

Harris County, Texas

Trial Court Cause No. 804,328

                                                                                                                                               


 

O P I N I
O N








Appellant,
John R. Haas, appeals from a judgment awarding appellee, Ashford Hollow
Community Improvement Association, Inc. (Athe Association@), delinquent maintenance assessments
for 2003 and 2004 and ordering foreclosure on a lien securing payment of the
assessments.  In five issues, Haas contends (1) the trial court lacked
jurisdiction to enforce a lien on his real property, (2) the trial court lacked
jurisdiction over the Association=s claim to recover the assessments,
(3) the trial court erred by awarding 2004 assessments, (4) the trial court
erred by awarding attorney=s fees, and (5) the attorney=s fees were excessive.  We affirm.

I.  Background

In
October 2003, the Association sued Haas, a property owner, alleging he breached
the restrictive covenants governing his subdivision by failing to pay
maintenance assessments for 2003.  The Association also alleged that it
anticipated Haas would refuse to pay the 2004 assessments, which would become
due between the filing of the petition and the trial.  Thus, the Association
sought recovery of assessments for 2003 and 2004.  The Association further
alleged that the restrictive covenants allowed it to place a lien on Haas=s property to secure payment of the
assessments, and the Association sought to foreclose its lien in this suit. 

The
trial court conducted a bench trial in August 2004.  At the start of the trial,
the trial court held a hearing to consider Haas=s plea to the jurisdiction that was
included in his live answer and his Amotion for partial directed verdict@ on the ground that the Association
was not entitled to recover attorney=s fees.  The trial court denied the
plea to the jurisdiction and the Amotion for partial directed verdict.@  The parties then stipulated
regarding the amounts of the assessments for 2003 and 2004 and that they were
delinquent.  The only remaining issue to be tried concerned the amount of the
Association=s attorney=s fees. Following presentation of evidence, the trial court
entered judgment for the Association to recover $716.11, plus post-judgment
interest and attorneys= fees.  In addition, the trial court ordered that the
Association have a lien on the property as set forth in the restrictive
covenants and ordered foreclosure on the lien.

II.  Jurisdiction to Enforce the Lien on Real Property








In his
first issue, Haas contends the trial court did not have jurisdiction to enforce
the lien on his real property because the amount in controversy was less than
the minimum jurisdictional limits of a statutory county court at law.  Whether
a court has subject matter jurisdiction is a question of law that we review de
novo.  Texas Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
As we will discuss, we disagree that the amount in controversy with respect to
Haas=s claim to recover the assessments
was less than the minimum jurisdictional limit of the court.  Regardless, the
trial court had jurisdiction to enforce the lien on Haas=s property, irrespective of the
amount in controversy.

Section
25.0003 of the Texas Government Code governs the jurisdiction in general of
statutory county courts and prescribes the monetary jurisdictional limits of
statutory county courts.  See Tex.
Gov=t Code Ann. ' 25.0003 (Vernon Supp. 2006).  Section 25.1032 of the
Government Code contains additional jurisdictional provisions particular to
Harris County civil courts at law.  Tex.
Gov=t Code Ann. ' 25.1032 (Vernon 2004).  Section
25.1032(c)(3) provides, AIn addition to other jurisdiction provided by law, a [Harris] county civil court at
law has jurisdiction to . . . hear a suit for enforcement of a lien on real
property . . .@  Id. ' 25.1032(c)(3) (emphasis added).

Therefore,
contrary to Haas=s contention, section 25.1032(c)(3) does not make a Harris
County Civil Court at Law=s jurisdiction to hear a suit to enforce a lien on real
property dependent upon the amount of the indebtedness secured by the lien or
upon the trial court=s jurisdiction to award the indebtedness as monetary damages.
 See id.  Rather, the trial court=s jurisdiction to hear a suit to
enforce a lien on real property is based on subject matter, not the amount in
controversy.  See id.; see also In re Burlington N. and Santa Fe Ry.
Co., 12 S.W.3d 891, 899 (Tex. App.CHouston [14th Dist.] 2000, orig.
proceeding [mand. denied]) (holding Fort Bend County Court at Law had
jurisdiction to issue injunction in eminent domain suit although county did not
state an amount in controversy within court=s jurisdictional limits because
Legislature had expressly conferred jurisdiction on court to hear eminent
domain cases based on subject matter, not the amount in controversy).








Moreover,
the Association alleged that the restrictive covenants entitled it to place and
foreclose a lien for outstanding assessments.[1] 
Therefore, the Association pleaded that it was entitled to foreclose the lien
independent of any recovery for the assessments in this suit.  Accordingly, the
trial court had jurisdiction to hear the suit to enforce the lien on Haas=s property independent of the amount
of the assessments or its jurisdiction to award the assessments as monetary
damages.  We overrule Haas=s first issue.

III.  Jurisdiction Over the Claim To Recover the Assessments 

Haas
also argues the trial court did not have jurisdiction over the Association=s claim to recover the assessments
because the amount in controversy was less than the minimum jurisdictional
limits of the court.  The statutory county court has jurisdiction when the
amount in controversy exceeds $500 but does not exceed $100,000, excluding
interest, statutory or punitive damages and penalties, and attorney=s fees and costs, as alleged on the
face of the petition.  See Tex.
Gov=t Code Ann. ' 25.0003(c)(1);
Smith v. Clary Corp., 917 S.W.2d 796, 798 (Tex. 1996); Weidner v.
Sanchez, 14 S.W.3d 353, 360 (Tex. App.C Houston [14th Dist.] 2000, no
pet.).  Here, Haas contends the amount in controversy, excluding interest,
statutory or punitive damages and penalties, attorney=s fees and costs, was less that $500.








The
allegations in the plaintiff=s petition establish the amount in controversy for a
jurisdictional analysis unless the defendant pleads and proves that the
allegations were made fraudulently for the purpose of obtaining jurisdiction or
the defendant can readily establish that the amount in controversy is
insufficient.  See Miranda, 133 S.W.3d at 223, 224 n.4; Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Retzlaff v. Deshay,
No. 14‑03‑00833‑CV, 2004 WL 2163173, at *2 & n.4 (Tex.
App.CHouston [14th Dist.] Sept. 28, 2004,
no pet.) (mem. op.) (recognizing party may meet his burden to challenge jurisdiction
if he can establish allegation as to amount in controversy was Afraudulently made for the purpose of
conferring jurisdiction@ or Areadily establish that the amount in controversy is
insufficient@).  However, if the plaintiff fails to state an amount in controversy in
its petition, the trial court is not thereby deprived of jurisdiction if
jurisdiction is proved at trial.  Peek v. Equip. Serv. Co., 779 S.W.2d
802, 804B05 (Tex. 1989); French v. Moore,
169 S.W.3d 1, 6B7 (Tex. App.CHouston [1st Dist.] 2004, no pet.).

When a
plea to the jurisdiction challenges the existence of jurisdictional facts, the
trial court must consider relevant evidence submitted by the parties when
necessary to resolve the jurisdictional issue.  Miranda, 133 S.W.3d at
227.  If the evidence creates a fact question regarding the jurisdictional
issue, the trial court cannot grant the plea to the jurisdiction and must
submit the issue to the fact finder.  Id. at 227B28.  Conversely, if the evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
trial court should rule on the plea to the jurisdiction as a matter of law.  Id.
at 228.

In its
October 2003 petition, the Association pleaded for recovery of the delinquent
2003 assessments and the 2004 assessments that would become due and delinquent
between filing of the petition and trial.  The only statement in the petition
regarding the amount in controversy was the following:








Pursuant to [the restrictive covenants], [the
Association] has levied assessments against [Haas=s] lot.  To date [Haas has] failed to
pay one or more of the assessments, interest, and attorney=s fees and/or related charges
totaling at least $1,811.28, plus charges which accrue after the date hereof,
plus interest and attorney=s fees as set out in [subsequent paragraphs], which is an
amount in excess of the minimum jurisdictional limits of this Court.  In
addition, it is anticipated that [Haas] will continue to fail and refuse to pay
additional assessments and/or related charges to be levied by [the Association]
between the date of filing of this Petition through and including the date of
trial.  Accordingly, [the Association] sues [Haas] for all assessments and/or
related charges as may become due and payable prior to and through the trial of
this cause.

Haas
asserted in his plea to the jurisdiction that this statement was fraudulent and
made solely for the purpose of conferring jurisdiction because the Association
improperly included interest, attorney=s fees, costs, and the 2004
assessments when alleging the amount in controversy is $1,811.28.  Contrary to
Haas=s assertion, the Association did not
include the 2004 assessments in the $1,811.28 figure.  According to the
foregoing paragraph, the $1,811.28 figure represented the assessments that were
delinquent at that time (the 2003 assessments), although it did include past
and future interest, attorney=s fees, and costs associated with the 2003 assessments.  The
Association then also requested the 2004 assessments that would become due and
delinquent before trial, but did not state an amount for the 2004 assessments.[2]








Nonetheless,
Haas did present evidence at the hearing on his plea to the jurisdiction
indicating that the amount in controversy with respect to the claim for the
2003 assessments was not $1,811.28 as pleaded, but an amount less than the $500
minimum jurisdictional limit of the court.[3] 
Haas suggests that, therefore, the trial court did not have jurisdiction
because the claim for the 2004 assessments could not also be considered when
determining the amount in controversy.  We disagree.  If one plaintiff asserts
multiple claims against one defendant, the amounts of each separate claim are
aggregated to determine the amount in controversy.  French, 169 S.W.3d
at 7.  However, one of the Association=s separate claims, the claim for the
2004 assessments had not yet accrued because, as Haas correctly asserts, the
2004 assessments were not yet due, much less delinquent, when the suit was
filed.[4]

Haas
does not cite, and we have not found, any cases addressing whether a homeowners
association=s unaccrued claim to recover an assessment is included when determining
the amount in controversy for jurisdictional purposes.  In a somewhat similar
situation, this court previously considered a lessor=s claim to recover future lease
payments as they accrued when determining the amount in controversy.  In
Williams v. Le Garage De La Paix, Inc., the lessor sued the lessee for
breach of a five-year lease.  562 S.W.2d 534, 535 (Tex. Civ. App.CHouston [14th Dist.] 1978, writ ref=d  n.r.e.).  The lessor filed suit in
mid-July 1974, alleging that the lessee was delinquent on the June 1974
payment.  Id.  The lessor also sued for all monthly rentals that would
become due and accrue until December 1, 1977, which was the last month of the
rental period, or the date of trial, whichever came first.  See id. at
535B36.  We recognized that the amount in
controversy is Adetermined by the value to the plaintiff of the right that he
asserts in good faith in his pleading setting forth the operative facts
constituting his cause of action.@  Id. at 535.  We further
recognized that each month=s rental under a lease contract constitutes a separate and
independent cause of action, and the lessor could have sued only for the June
delinquency, an amount within the jurisdictional limits of the court.  Id. 
However, by suing for all future monthly rentals as they accrued, the lessor
put in issue a sum in excess of the jurisdictional limits of the court.  See
id. at 536.[5]








In Williams,
the lessor=s inclusion of the unaccrued claim for future lease payments in its
petition deprived the trial court of jurisdiction by causing the amount in
controversy to exceed the jurisdictional limit of the court.  See id.
at 535B36.  Here, we are determining whether
the Association=s inclusion of the unaccrued claim for the 2004 assessments
in its petition invoked the trial court=s jurisdiction by bringing the total
amount in controversy within the jurisdictional limit of the court. 
Despite this distinction, we find Williams applicable to the extent the
court included an unaccrued claim when determining the amount in controversy
because the plaintiff placed that claim at issue in its petition.  See id.;
see also Tune v. Texas Dept. of Public Safety, 23 S.W.3d 358, 361
(Tex. 2000) (stating that Aamount in controversy@ in jurisdictional context means Athe sum of money or the value of the
thing originally sued for@); Black=s Law Dictionary 84 (7th ed. 1999) (defining Aamount in controversy@ as the Adamages claimed or relief demanded by
the injured party in a lawsuit.@).

In its
petition, the Association sought to recover the 2004 assessments, alleging they
would become due and delinquent before trial.  Haas presented no evidence that
the Association sought the 2004 assessments in bad faith to confer
jurisdiction.  In fact, the evidence negated any bad faith, considering that
Haas presented evidence showing the 2004 assessments were billed only a month
after the Association filed its petition and were due two months after it filed
the petition.  Consequently, the claim for the 2004 assessments may be included
when determining the amount in controversy.  








However,
as we have discussed, the Association did not plead an amount with respect to
the 2004 assessments.  Therefore, we view this case as a situation in which the
plaintiff failed to state a total amount in controversy because it asserted two
claims but only stated an amount with respect to one claim.  Accordingly,
jurisdiction could be proved at trial.  See Peek, 779 S.W.2d at 804B05; French, 169 S.W.3d at 6B7.  At trial, the parties stipulated
that the 2003 assessment was $301.01, the 2004 assessment was $301.01, and both
were delinquent.  Because the amount in controversy exceeded the $500 minimum
jurisdictional limit of the court, excluding attorney=s fees, interest, and costs, the
trial court had jurisdiction.  We overrule Haas=s second issue.

IV.  2004 Assessments

In his
third issue, Haas argues the trial court erred by awarding the 2004 assessments
because there was no pleading to support this award.  Although the Association
pleaded for recovery of the 2004 assessments which would become delinquent
before trial, Haas complains that the Association did not amend its petition
before trial to specify that the 2004 assessments had become delinquent.  

Even if
the Association did not sufficiently plead its claim for the 2004 assessments,
the claim was tried by consent.  AWhen issues not raised by the
pleadings are tried by express or implied consent of the parties, they shall be
treated in all respects as if they had been raised in the pleadings.@  Tex.
R. Civ. P. 67.  To determine whether an unpleaded issue was tried by
consent, we examine the record not for evidence of the issue, but rather for
evidence of trial of the issue.  Johnston v. McKinney Am., Inc., 9
S.W.3d 271, 281 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  An party=s unpleaded issue may be deemed tried
by consent when evidence on the issue is developed under circumstances
indicating both parties understood the issue was in the case, and the other
party failed to make an appropriate complaint.  Johnson v. Structured Asset
Servs., LLC, 148 S.W.3d 711, 719 (Tex. App.CDallas 2004, no pet.).








At
trial, Haas stipulated regarding the amount of the 2004 assessments and that
the amount was delinquent.  He then agreed that the only issue remaining was
the Association=s claim for attorneys= fees.  Thus, Haas clearly indicated
the 2004 assessments were at issue and did not complain that there was no
supporting pleading.  Because the Association=s claim for the 2004 assessments was
tried by consent, we overrule Haas=s third issue. 

V.  Attorney=s Fees

In his
fourth and fifth issues, Haas contends the trial court erred by awarding
attorney=s fees and the fees are excessive.

A.        Award of Attorney=s Fees

First,
Haas argues the trial court erred by awarding attorney=s fees.  Whether attorney=s fees are authorized in a particular
case is a question of law to be determined by the court.  See Jim Rutherford
Invs., Inc. v. Terramar Beach Cmty. Ass=n, 25 S.W.3d 845, 853 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  The Association requested attorney=s fees pursuant to the restrictive
covenants, section 5.006 of the Texas Property Code, and section 38.001 of the
Texas Civil Practice and Remedies Code.  Haas does not seem to dispute that, at
least, section 5.006 of the Texas Property Code generally authorizes an award
of attorney=s fees in this case.  Section 5.006(a) of the Property Code provides, AIn an action based on breach of a
restrictive covenant pertaining to real property, the court shall allow to a
prevailing party who asserted the action reasonable attorney=s fees in addition to the party=s costs and claim.@  Tex.
Prop. Code Ann. ' 5.006(a) (Vernon 2004); Mitchell v. LaFlamme, 60
S.W.3d 123, 130 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (holding award of
attorney=s fees under section 5.006 is
mandatory).[6]








However,
Haas contends the Association was required to comply with section 209.008(a) of
the Texas Property Code as a prerequisite to recovery of attorney=s fees, but the Association did not
comply with that provision.  Section 209.008(a) provides:

A property owners= association may collect
reimbursement of reasonable attorney=s fees and other reasonable costs
incurred by the association relating to collecting amounts, including damages,
due the association for enforcing restrictions or the bylaws or rules of the
association only if the owner is provided a written notice that attorney=s fees and costs will be charged to
the owner if the delinquency or violation continues after a date certain.

Tex.
Prop. Code Ann. ' 209.008(a) (Vernon Supp. 2006).

The
Association=s counsel sent a letter to Haas approximately seven weeks before filing
suit.  The caption shows, ABalance Due: $417.48.@  In the body, counsel stated: 

The balance due of $417.48 represents maintenance
assessments, attorney=s fees, interest, and costs of collection
through and including the date of this letter . . . Demand is hereby made upon
you to pay to [the Association] $417.48 within thirty (30) days of the date of
this letter. . . .  Please be advised that should we not receive payment
pursuant to this demand, we will recommend that a lawsuit be filed immediately
thereafter in a court of competent jurisdiction seeking recovery of the money
owed our client, together with reasonable attorneys= fees and costs of court. 

(emphasis added).[7] 


Haas
contends the Association did not comply with section 209.008(a) because it
demanded attorney=s fees as part of the delinquency instead of demanding that
the delinquency be cured before it would seek attorney=s fees.  Although the Association asserts
it complied with section 209.008(a), it suggests, as it did in the trial court,
that section 209.008(a) does not even apply to this matter.  We agree that
section 209.008(a) does not apply.








Section
209.008(a) is part of the ATexas Residential Property Owners Protection Act,@ effective January 1, 2002.  See
Tex. Prop. Code Ann. '' 209.001B.011 (Vernon Supp. 2006).  Section
209.008(a) is not a model of clarity, and we have found only one case
addressing this provision, presumably because of its recent origin.  In that
case, the court concluded the statute did not apply because the homeowner=s association sought a temporary
injunction and the statute applies to Acollection matters,@ but the court did not elaborate on
what it meant by Acollection matters.@  See Tees v. East Lake
Woods Homeowners Ass=n, No. 12‑04‑00020‑CV, 2006 WL
133229, *6  (Tex. App.CTyler 2006, no pet. h.) (mem. op.).

Our
ultimate goal in construing a statute is to give effect to the Legislature=s intent as expressed in the language
of the statute.  See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d
887, 892 (Tex. 2000).  Based on the language of section 209.008(a), we conclude
that it does not apply to attorney=s fees incurred merely to collect
delinquent assessments or enforce a lien due to nonpayment of the assessments. 
The statute specifically applies to attorney=s fees Arelating to collecting amounts,
including damages, due the association for enforcing
restrictions.@ Tex. Prop. Code Ann. ' 209.008(a) (emphasis added).  The
assessments are not Aamounts, including damages, due the association for enforcing
restrictions.@  We read this phrase as describing, for example, situations where an
association has incurred costs or sustained damages to remedy a violation or
has levied a fine for a violation.[8]








We find
harmony in the statute by reading section 209.008(a) in the context of the
entire act, especially the immediately preceding provisions.  See City
of San Antonio  v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003)
(recognizing that, in construing a statute, appellate court determines
legislative intent from the entire act and not just its isolated portions and,
thus, reads the statute as a whole and interprets it to give effect to every
part).  Section 209.006, entitled ANotice Required Before Enforcement
Action,@ provides as follows:

(a) Before a property owners=
association may suspend an owner=s
right to use a common area, file a suit against an owner other than a suit
to collect a regular or special assessment or foreclose under an association=s lien,
charge an owner for property damage, or levy a fine for a violation of the
restrictions or bylaws or rules of the association, the association or its
agent must give written notice to the owner by certified mail, return receipt
requested.

(b) The notice must:

(1) describe the violation or property damage that is the basis for the
suspension action, charge, or fine and state any amount due the association
from the owner;  and

(2) inform the owner that the owner:

(A) is
entitled to a reasonable period to cure the violation and avoid the fine or
suspension unless the owner was given notice and a reasonable opportunity to
cure a similar violation within the preceding six months;  and

(B) may request a hearing under Section 209.007 on or
before the 30th day after the date the owner receives the notice.

Tex.
Prop. Code Ann. ' 209.006 (Vernon Supp. 2006)
(emphasis added).








Section
209.007 describes the procedures governing the hearing referenced in section
209.006.  See Tex. Prop. Code
Ann. ' 209.007 (Vernon Supp. 2006).  Section 209.007(d) provides that AThe notice and hearing provisions of
Section 209.006 and this section do not apply if the association files a suit .
. . that includes foreclosure as a cause of action.@  Id. ' 209.007(d).  Therefore, an
association is not even required to give a homeowner notice and an opportunity
to cure pursuant to section 209.006 before filing suit to collect assessments
or foreclose a lien due to unpaid assessments.  See id. '' 209.006; 209.007(d).  Thus, our
construction of section 209.008(a) is consistent with the manifested intent of
the Legislature to exempt such suits from the notice requirements otherwise
applicable when an association incurs costs or charges a homeowner to enforce a
restriction. 

We
conclude that the Association was not required to comply with the notice
prerequisite of 209.008(a) to recover attorney=s fees in this case.  Accordingly,
the fact that the Association included attorney=s fees when demanding that Haas pay
the delinquent assessments is immaterial to the Association=s ability to recover attorney=s fees in this suit.  We overrule
Haas=s fourth issue.

B.        Amount of Attorney=s Fees

Finally,
Haas asserts that the attorney=s fees awarded pursuant to section 5.006 of the Property Code
were excessive.  To determine reasonable attorney=s fees under section 5.006, the court
shall consider: (1) the time and labor required; (2) the novelty and difficulty
of the questions; (3) the expertise, reputation, and ability of the attorney;  and
(4) any other factor. Tex. Prop. Code
Ann. ' 5.006(b) (Vernon 2004).  The reasonableness of attorney=s fees recoverable under section
5.006 is a question of fact for the trier of fact.  See Jim Rutherford
Invs., 25 S.W.3d at 853; Gorman v. Countrywood Prop. Owners Ass=n, 1 S.W.3d 915, 918 (Tex. App.CBeaumont 1999, pet. denied).








In this
case, the trial court made a finding of fact that the following attorney=s fees were reasonable and necessary
and entered judgment accordingly: $5,500 through the trial; $1,000 if Haas
files a motion for new trial; $3,500 if he appeals to a court of appeals;
$3,500 if he files a petition for review in the Texas Supreme Court; and $1,000
if the petition for review is granted and appeal is taken to the Supreme
Court.  Haas asserts that these fees were not reasonable because this case was
a simple, routine property owners= association suit to collect a debt
and enforce a lien, involving minimal pleadings and a short trial.  Although
Haas does not specifically attack the finding of fact or the sufficiency of the
evidence to support this finding, we read his complaint as a challenge to the
sufficiency of the evidence supporting the finding.

Findings
of fact in a bench trial have the same force and dignity as a jury=s verdict upon jury questions.  Arrellano
v. State Farm Fire and Cas. Co., 191 S.W.3d 852, 855B56 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
We conduct a legal and factual sufficiency review of a trial court=s findings by the same standards
applied when reviewing evidence supporting a jury=s answer.  Id. at 856.  If a
party attacks the legal sufficiency of the evidence supporting an adverse
finding on an issue on which it did not have the burden of proof, the party
must demonstrate on appeal no evidence supports the adverse finding. Id. 
When a party attacks the factual sufficiency of a finding, we set aside the
finding only if it is so contrary to the overwhelming weight and preponderance
of the evidence that it is clearly wrong and manifestly unjust. Id.

Stephen
Hamilton, one of the Association=s attorneys, who had practiced law
for twenty years and was Board-Certified in civil trial law testified regarding
the Association=s attorney=s fees.  With respect to the time and labor required,
Hamilton testified that his firm performed the following work which he
considered reasonable and necessary:  drafted a demand letter; filed and served
a petition; obtained a title report; reviewed the divorce decree between Haas
and his former wife to ascertain the status of title to the property; prepared
a nonsuit of Mrs. Haas, who had also been sued; prepared a motion for default
judgment when Haas failed to timely answer; reviewed the answer Haas eventually
filed and later his amended answer; researched and briefed the jurisdictional
issue after Haas filed a plea to the jurisdiction; propounded requests for
disclosure, requests for admissions, interrogatories, and requests for
production; reviewed Haas=s answers to these discovery requests; obtained a trial
setting; prepared a motion for summary judgment, reviewed Haas=s response, and filed a reply;
attended a pretrial conference; and prepared for trial.








As to
the novelty and difficulty of the questions involved, Hamilton testified that
it is highly unusual for a defendant to challenge jurisdiction in a suit to
recover assessments.  He also testified that it is unusual for an assessment
case to proceed to trial when, as here, the defendant has admitted that the
assessments, interest, late charges, and reasonable attorney=s fees are secured by a lien against
the property.  We also note that the legal issues concerning jurisdiction and
section 209.008(a) raised in this matter were not routine because we have had
to perform a somewhat extensive legal analysis with respect to those issues. 

Finally,
concerning the expertise, reputation, and ability of the attorney, Hamilton
testified that his firm handles collection cases on a regular basisCAMany times each month.  Dozens of
times.  Hundreds of times.@  Although this testimony is somewhat general, the trial
court could have considered it as evidence of the expertise, reputation, and
ability of the Association=s attorneys.  We conclude that the evidence is factually and
legally sufficient to support the trial court=s finding with respect to reasonable
and necessary attorney=s fees based on the factors outlined in section 5.006(b).  We
overrule Haas=s fifth issue.

We
affirm the judgment of the trial court.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
December 14, 2006.

Panel consists of Justices Anderson,
Edelman, and Seymore.

 









[1]  The restrictive covenants provide that the annual
assessments, interest, costs, and reasonable attorneys= fees, Ashall
be a charge on the Lot and shall be a continuing lien upon the Lot against
which each such assessment was made.@
The restrictive covenants further provide that, in the event of nonpayment, AThe Association may bring an action at law against the
Owner personally obligated to pay the assessment, or foreclose the lien
against the Lot involved.@ (emphasis added).





[2]  In its prayer, the Association again requested all
amounts that would be outstanding at the time of trial but did not plead a
total amount in controversy in the prayer.





[3]  Specifically, he introduced the Association=s demand letter sent seven weeks before it filed suit,
stating that the balance due was $417.48, which Arepresents maintenance assessments, attorney=s fees, interest, and costs of collection.@  The Association did not specify how much of this
amount was attorney=s fees, interest, and costs, which cannot be
considered when determining the amount in controversy.  See Tex. Gov=t Code Ann. ' 25.0003(c)(1).  However, the actual 2003 assessment
was necessarily less than $500.  The Association did not present any controverting
evidence.  Instead, it argued, albeit incorrectly, that attorney=s fees, interest, and costs are considered when
determining the amount in controversy.  See id.





[4]  Haas incorrectly characterizes the Association=s request for the 2004 assessments as a claim for
anticipatory breach.  He states the Association had no claim for anticipatory
breach because it could not know whether he would own the home and thus have
any obligation when the assessments fell due.  AAnticipatory breach@ is a defined
cause of action available when a party is obligated to make future payments of
money to another and absolutely repudiates the obligation without just excuse. 
See Taylor Publ=g Co. v. Sys. Mktg. Inc., 686
S.W.2d 213, 217 (Tex. App.CDallas 1984,
writ ref=d n.r.e.).  The Association did not use the term Aanticipatory breach@
and effectively acknowledged in the petition that the obligation to pay the
2004 assessments would arise after it filed its petition.  Nonetheless, Haas
correctly suggests that the Association pleaded a claim that had not yet
accrued.





[5]  We first stated that the June and July delinquencies
alone put the amount in controversy over the jurisdictional limit of the trial
court because payments were due in advance and the lessor filed suit in
mid-July.  Williams, 562 S.W.2d at 535.  But we then held that,
regardless of when the lessor filed suit, he still alleged an amount in excess
of the jurisdictional limit of the court by seeking all future delinquencies as
they accrued.  See id. at 535B36.






[6]  In addition, the restrictive covenants provide that
the annual assessments, together with interest, costs, and reasonable attorney=s fees, shall be a continuing lien upon the property
and the personal obligation of the property owner at the time the assessment
was due.  Section 38.001(8) of the Civil Practice and Remedies Code provides
that a party may recover reasonable attorney=s
fees when it prevails on a contract claim.  Tex.
Civ. Prac. & Rem. Code Ann. '
38.001(8) (Vernon 1997); see Hassell Constr. Co., Inc. v. Stature
Commercial Co., Inc., 162 S.W.3d 664, 668 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (holding award of
attorney=s fees to party prevailing on contract claim is
mandatory under section 38.001 if there is proof of the reasonableness of the
fees).





[7]  This letter was the only demand letter introduced
into evidence, and it appears undisputed that it was the only demand letter
sent. 





[8]  Section 209.008(a) does not state that it applies to
attorney=s fees Arelating
to collecting amounts, including damages, due the association under the
restrictions@ or to attorney=s
fees Arelating to enforcing restrictions.@  In such cases, it would presumably apply to attorney=s fees incurred to collect assessments or enforce a
lien due to nonpayment of assessments.  Rather, the statute applies to attorney=s fees Arelating
to collecting amounts, including damages, due the association for enforcing
restrictions.@ Tex. Prop.
Code Ann. ' 209.008(a) (emphasis added).  In construing a
statute, we give effect to all its words and, if possible, do not treat any
statutory language as mere surplusage.  Cont=l Cas. Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 402 (Tex. 2000).  Thus, we must give
effect to the word Afor.@