Affirmed
and Memorandum Opinion filed September 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00156-CV

____________

 

TONY CANTU AND ELSA CANTU, Appellants

 

V.

 

BEN DOMINGUEZ, Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 901776

 



 

M E M O R A N D U M   O P I N I O N

Dr. Tony Cantu and his wife Elsa Cantu
appeal the trial court=s orders declaring them to be vexatious
litigants and dismissing their case for failing to deposit $75,000 as security
into the court registry.  The Cantus have also filed a motion requesting that
this court expedite its mandate.  For the reasons stated below, we deny the
Cantus= motion, overrule
their three appellate issues, and affirm.








I

Tony Cantu sued his former attorney Ben
Dominguez for fraud, breach of contract, extortion, DTPA, and breach of
fiduciary duty for alleged acts of wrongdoing relating to Dominguez=s representation
of the Cantus in an earlier matter.  Apparently, Mrs. Cantu was later added as
a plaintiff, and is sometimes referred to in the record as an Ainvoluntary
plaintiff.@  In October 2007, Dominguez moved for an order
determining Tony Cantu a vexatious litigant and requiring him to post a bond as
a condition of continuing the lawsuit. After a hearing, the trial court signed
an order on February 8, 2008, declaring the Cantus to be vexatious litigants
under chapter 11 of the Texas Civil Practice and Remedies Code and requiring
them to provide security of $75,000 to be placed in the registry of the court. 
The trial court further ordered that if the Cantus did not provide the security
within twenty days of the entry of the order, then the court would dismiss
their case with prejudice.  The Cantus did not provide the security, and so the
trial court, by order signed March 19, 2008, dismissed their claims.

II

We begin with the Cantus= third issue
because it challenges the trial court=s jurisdiction. 
Subject-matter jurisdiction is essential to a court=s jurisdiction and
and cannot be waived.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443B44 (Tex. 1993). 
Determining whether a court has subject matter jurisdiction is a question of
law we review de novo.  See Tex. Dep=t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  In this issue, the
Cantus contend that when they filed an amended petition alleging damages in
excess of the jurisdictional limit of the county court at law, the trial court
lost jurisdiction over their case and so erred in failing to transfer it to a
district court.  The record reflects that the Cantus filed a motion to transfer
on this basis but no ruling appears in the record.  The Cantus assert that the
trial court refused to rule on their motion.  








Initially, we note that the appellate
record does not include as a filing the amended petition on which the Cantus
base their jurisdictional complaint.  The purported petition, which the Cantus
refer to as APlaintiff and Involuntary Plaintiffs= Second Amended
Petition and Request for Disclosure,@ appears in the
record only as an exhibit to the Cantus= motion for
reconsideration of the trial court=s determination
that the Cantus were vexatious litigants.  But Dominguez does not dispute that
this petition was filed in the trial court, so we will presume this petition
was filed and address the Cantus= argument accordingly. 
This petition bears a file stamp purporting to show that it was filed on
December 7, 2007; we will therefore refer to it as the ADecember 2007
petition.@

As is relevant here, the trial court, the
County Civil Court at Law No. 4 of Harris County (ACourt No. 4@), has
jurisdiction over civil cases in which the matter in controversy exceeds $500
but does not exceed $100,000 Aas alleged on the face of the petition.@  See Tex.
Gov=t Code Ann. '' 25.0003(c)(1),
25.1032(a) (Vernon Supp. 2009).  The amount in controversy is ordinarily
determined by looking at the allegations in the plaintiff=s original
petition.  See Peek v. Equip. Svc. Co. of San Antonio, 779 S.W.2d
802, 804 (Tex. 1989); Isbell v. Kenyon-Warner Dredging Co., 113 Tex.
528, 261 S.W. 762, 763 (1924); Williams v. Le Garage De La Paix, Inc.,
562 S.W. 2d 534, 535 (Tex. Civ. App.CHouston [14th
Dist.] 1978, writ ref=d n.r.e.).  We must presume jurisdiction
unless the lack of jurisdiction affirmatively appears on the face of the
petition.  Peek, 779 S.W.2d at 804.  As a general rule, when jurisdiction
is once lawfully and properly acquired, no later fact or event can defeat the
court=s jurisdiction.  Isbell,
261 S.W. at 763.  Further, the fact that an amended petition alleges damages in
excess of the jurisdictional limits of the county court does not deprive that
court of the jurisdiction it properly acquired when the original petition was
filed.  Id. at 763. 








The earliest petition in the appellate
record is designated as APlaintiff=s Second Amended
Petition and Request for Disclosure@ and was filed on
October 25, 2007 (the AOctober 2007 petition@).  In the October
2007 petition, Tony Cantu affirmatively states that A[t]his Court has
jurisdiction over the claims and parties, and the amounts in controversy are
with the Court=s jurisdiction limits.@  Further, a
review of the prayer shows that Tony Cantu sought money damages totaling
$61,900, plus various types of damages for which no amount is specified.  Based
on Cantu=s representation
that the amount in controversy was within the court=s jurisdictional
limit, and his prayer for damages that does not affirmatively exceed $100,000,
we conclude that the trial court properly acquired jurisdiction over the case.  See
Isbell, 261 S.W. at 763; Williams, 562 S.W.2d at 535.

In their brief, the Cantus argue that the
trial court lost jurisdiction when the December 2007 petition was filed because
this petition shows that the money damages sought Aplus the exemplary
damages@ exceed the trial
court=s jurisdiction.[1] 
The Cantus do not point to any specific portion of the petition or cite any to
authority other than a general reference to Government Code section 25.003.  A
review of the December 2007 petition reveals that Elsa Cantu was named as a
plaintiff, and the Cantus asserted the same claims made in the October 2007
petition as well as several new claims.  The Cantus also sought specified money
damages totaling $96,900Cwithin the trial court=s jurisdictionCplus unspecified
amounts for other alleged damages.[2] 
Although the Cantus argue that we should consider the exemplary damages sought,
exemplary damages are not considered for purposes of calculating the amount in
controversy.  See Tex. Gov=t Code Ann. ' 25.0003(c)(1)
(providing that interest, statutory or punitive damages and penalties, and
attorney=s fees and costs
are excluded from the determination of the amount in controversy); see also
Tex. Civ. Prac. & Rem. Code Ann. ' 41.001(5) (Vernon
2008) (exemplary damages include punitive damages). 








Additionally, in the December 2007
petition the Cantus again affirmatively represent that the trial court had
jurisdiction over the claims and parties, and that the amounts in controversy
were within the court=s jurisdictional limits.  And the Cantus
repeated this assertion two additional times in their first and second amended
responses to Dominguez=s motion to have them declared vexatious
litigants, both of which were filed after the December 2007 petition was
filed.  Arguably, then, based on the allegations of the petition, the money
damages specifically requested, and the Cantu=s own repeated
representations, the damages sought remained within the trial court=s jurisdiction. 
But even assuming the Cantus sought damages in excess of the trial court=s jurisdictional
limit in the December 2007 petition, the filing of the December 2007 petition
did not cause the trial court to lose the jurisdiction it originally acquired. 
See Isbell, 261 S.W. at 763B64; Williams,
562 S.W.2d at 536; see also Cook v. Jaynes, 366 S.W.2d 646, 647 (Tex.
Civ. App.CDallas 1963, no pet.).  Therefore, we overrule the
Cantus= third issue.

III

In their first issue, the Cantus contend
that, contrary to the trial court=s order, the
evidence shows that they are not vexatious litigants.  They argue that another
court determined that they were not vexatious litigants, and that the other
cases to which they have been parties do not meet the criteria of chapter 11 of
the Civil Practice and Remedies Code. 

In chapter 11 of the Civil Practice and
Remedies Code, the legislature struck a balance between Texans= right of access
to their courts and the public interest in protecting defendants from those who
abuse our civil justice system.  Leonard v. Abbott, 171 S.W.3d 451, 455
(Tex. App.CAustin 2005, pet denied.).  Under chapter 11, a trial
court may place limitations on the litigation activities of a person determined
by the court to be a vexatious litigant.  Id.  In relevant part, the
trial court may find a plaintiff to be a vexatious litigant if the defendant
shows that there is not a reasonable probability the plaintiff will prevail in
the litigation against the defendant and that:








(1) the plaintiff, in the seven‑year
period immediately preceding the date the defendant makes the motion under
Section 11.051, has commenced, prosecuted, or maintained in propria persona at
least five litigations other than in a small claims court that have been:

(A) finally determined
adversely to the plaintiff;

(B) permitted to remain
pending at least two years without having been brought to trial or hearing; or

(C) determined by a
trial or appellate court to be frivolous or groundless under state or federal
laws or rules of procedure;

(2) after a litigation
has been finally determined against the plaintiff, the plaintiff repeatedly
relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the
determination against the same defendant as to whom the litigation was finally
determined; or

(B) the cause of action, claim, controversy, or any of the
issues of fact or law determined or concluded by the final determination
against the same defendant as to whom the litigation was finally determined.

Tex. Civ. Prac. & Rem. Code Ann. ' 11.054(1)B(2) (Vernon
2002).  If the court determines that the plaintiff is a vexatious litigant, it
must order the plaintiff to furnish security for the moving defendant=s benefit.  Id.
' 11.055.  If the
plaintiff fails to timely furnish the court-ordered security, the court must
dismiss the suit.  Id. ' 11.056. 

We review a trial court=s determination
that a plaintiff is a vexatious litigant for abuse of discretion.  Wolter v.
Delgatto, No. 14-05-00055-CV, 2006 WL 664214, at *3 (Tex. App.CHouston [14th
Dist.] Mar. 16, 2006, no pet.) (mem. op.); Leonard, 171 S.W.3d at 459. 
A trial court abuses its discretion when it rules arbitrarily, unreasonably,
without regard to guiding legal principles, or without supporting evidence.  Leonard,
171 S.W.3d at 459.








The trial court=s order reflected
findings that the Cantus have filed Anumerous lawsuits@ in Harris County,
including seven district court and county court cases and four appeals
specifically identified by style, cause number, and court.  The order further
reflected that the Cantus Ahave in the past and are continuing to
file or threaten to file new litigations, and/or new Motions for the sole
purposes of harassing, threatening, and intimidating numerous Parties,
Witnesses, and various former legal counsel involved in the Cantus= previous
litigations@ and that in the past, the Cantus Ahave been
threatened with Sanctions, Sanctioned, and Held in Contempt by other Courts in
an effort to curb their appetite for litigation and re-litigation of Orders,
Final Determinations, and Judgments,@ but these efforts
Ahave had no impact@ on the Cantus. 
The order additionally includes a determination that, based on the Cantus= actions, they Awill continue, and
are continuing to use the Courts of this Jurisdiction for improper purposes and
in bad faith.@  Accordingly, the trial court determined that the
Cantus are vexatious litigants as defined by section 11.054 of the Texas Civil
Practice and Remedies Code.








The Cantus first contend that they were
found not to be vexatious litigants in an action in a district court and
further contend that, contrary to Dominguez=s representation
to Court No. 4 below, that same district court declined to hear the Cantus= complaints or
claims against Dominguez because it concluded that Court No. 4 was the proper
court to hear them.  In support of these contentions, the Cantus attach two
purported court orders to their appellate brief.  Dominguez complains that the
attached orders are not included in the record and therefore we should not
consider them.  With limited exceptions not relevant here, an appellate court
may not consider matters outside the appellate record.  Bencon Mgmt. &
Gen. Contracting, 178 S.W.3d 198, 210B11 (Tex. App.CHouston [14th
Dist.] 2005, no pet.); Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293
(Tex. App.CHouston [14th Dist.] 2002, no pet.).  Therefore, we do
not consider the documents attached to the Cantus= appellate brief.[3] 
         Next, the Cantus argue that certain of the cases on the trial court=s list do not
satisfy the requirements of chapter 11.  The Cantus make numerous assertions of
fact concerning several of the previous lawsuits in which they were parties,
but they do not cite to the record in support of their assertions, nor do they
cite relevant authorities beyond references to section 11.054.  Additionally,
they make various references to matters that appear to be directed to the
underlying case rather than the subject matter of the trial court=s order declaring
them vexatious litigants.  And the majority of their arguments are made in
their statement of facts, rendering their issues less than a model of clarity.[4] 
In response, Dominguez contends that the Cantus have waived their appellate
issues for failing to present a clear and concise argument for their
contentions with appropriate citations to authorities and to the record.  See
Tex. R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d
323, 338 (Tex. App.CHouston [14th Dist.] 2005, no pet.).[5]








But more significantly, the Cantus have
failed to present a complete record on appeal.  It was the Cantus= burden as
appellants to furnish this court with a record supporting their allegations of
error.  See Christiansen v Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Simon
v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). 
Generally, absent a complete record of the proceedings, reviewing courts must
presume that the evidence before the trial judge was adequate to support the
decision.  In re D.A.P., 267 S.W.3d 485, 487 (Tex. App.CHouston [14th
Dist.] 2008, no pet.) (citing Simon, 739 S.W.2d at 795).  On appeal, we
have a clerk=s record, a partial record of the hearing on the
motion to declare the Cantus vexatious litigants, and a record of a hearing on
February 27, 2008, after the trial court had signed its order declaring the
Cantus vexatious litigants but before the case was dismissed.  Thus, we lack a
complete record of the hearing on the motion at issue. 

In Michiana Easy Livin= Country, Inc. v.
Holten, the supreme court instructed that appellate courts should presume
that pretrial hearings are nonevidentiary unless the proceeding=s nature, the
trial court=s order, the party=s briefs, or other
indications show that an evidentiary hearing took place in open court.  168
S.W.3d 777, 783 (Tex. 2005).  Only if the hearing was evidentiary is a
complaining party required to present a record of that hearing to establish
harmful error.  Id.  Therefore, we must determine whether the hearing on
February 27, 2008, was evidentiary or nonevidentiary before we may apply the
presumption that the missing portion of the record supports the trial court=s judgment.








After reviewing the record, we conclude
that there is no question the hearing on Dominguez=s motion to
declare the Cantus vexatious litigants was an evidentiary hearing.  First and
most significantly, the trial court=s February 8 order
expressly reflects that the motion Awas the subject of
an Evidentiary Hearing . . . .@  Also, the excerpt of the hearing the
Cantus provided consists of Tony Cantu=s
cross-examination of Dominguez, demonstrating that testimony was taken during
the hearing.  At the conclusion of this hearing, the judge also indicated that
the hearing began at 9:00 a.m. and was concluding, with a few interruptions, at
12:10 p.m.Cthree hours later.  And, at the hearing on February
27, Tony Cantu contended that he never saw the trial court=s February 8 order
before it was signed, and he also complained about errors in the order and the
cases listed in the order, but the trial judge responded that A[w]e went through
the whole list.  Remember?@  She then continued:

No. 
We talked about them because we had to talk about, when somebody is trying to
declare you a vexatious litigant, we have to go through all the cases.  We went
through all those, the fact that you continue to relitigate issues that were
decided over and over and over.  I know you suggest that you don=t, but you
relitigate them either in Judge Dorfman=s court or now you=re down in here
after what?  An hour and a half? Didn=t you have 45
minutes a side?  Y I found that you were vexatious.  I said
you can continue on with this, but you have to post a bond.

The trial judge=s statement
reflects that evidence concerning the cases listed in the order was presented
at the hearing.[6] 
Further, in Dominguez=s response to the Cantus= motion for
reconsideration, Dominguez asked the court to take judicial notice of and
incorporate  Aall seventy-one Exhibits admitted into evidence at the
time of the hearing on January 25th 2008 and the testimony provided on this
date.@








Thus, it is apparent that the hearing on
Dominguez=s motion to declare the Cantus vexatious litigants was
an evidentiary hearing at which considerable testimony was taken and many
exhibits were admitted; yet, we have only that portion of the record the Cantus
chose to presentCthe excerpt containing Tony Cantu=s
cross-examination of Dominguez.  In the absence of a complete record, we must
presume that adequate evidence was presented at the hearing to support the
trial court=s order.  See Simon, 739 S.W.2d at 794B95; In re
D.A.P., 267 S.W.3d at 487B88.[7] 
Therefore, we cannot hold that the trial court=s order was an
abuse of discretion.

IV

In their second issue, the Cantus contend
that, because the evidence shows that they are not vexatious litigants, the
case should be Areinstated in full.@  But for the
reasons explained above, we have determined that the Cantus have failed to
demonstrate that the trial court abused its discretion in entering the February
8 order declaring them vexatious litigants.  Therefore, we decline to reinstate
the case on this basis.

The Cantus also appear to contend that,
because the February 8 order dismissed the case, the trial court should not
have signed its March 19 order dismissing the case again.  Consequently, they
contend, the March 19 order should also be reversed.  However, the February 8
order did not dismiss the Cantus= case.  That order
simply directed the Cantus to deposit $75,000 security within twenty days from
the date of the entry of the order, or the court would dismiss the case.  Thus,
had the Cantus complied with the February 8 order, their case would not have
been dismissed on March 19, when the trial court found that the Cantus had
failed to pay the security as ordered.  Thus, contrary to the Cantus= contention, the
trial court did not purport to dismiss their case twice.  We therefore overrule
the Cantus= second issue.

V








For the foregoing reasons, we overrule the
Cantus= appellate
issues.  Accordingly, we also deny the Cantus= request for
$25,000 for the costs of appeal to be paid to them as well as the other relief
requested in their prayer.

VI

Lastly, we turn to the Cantus= motion, taken
with the case, in which the Cantus request that we expedite our mandate. 
Mandate may issue earlier than the prescribed times by agreement or for good
cause on the motion of a party.  See Tex. R. App. P. 18.1(c).  The
Cantus contend that we should expedite the mandate for good cause because this
is an accelerated appeal and because Dominguez has allegedly Ablatantly lied@ to the trial
court and this Court.  The Cantus also assert, without explanation, that other
cases Adepend highly@ on the mandate
issuing from this appeal.  The Cantus cite to no authority and merely direct us
to their appellate brief and unidentified exhibits to support their request. 
As we have overruled the Cantus= appellate issues, we likewise conclude
that the Cantus have failed to demonstrate good cause, and overrule their
request to expedite the mandate.

***

We overrule the Cantus= issues and affirm
the trial court=s judgment. 

 

 

 

 

/s/      Jeffrey
V. Brown

Justice

 

 

 

 

Panel consists of Justices Seymore, Brown and Sullivan.

 









[1]  Specifically, the Cantus contend the following:  ASince the petition we filed on December 4, 2007 and
the monetary damages exceed the jurisdiction of this court, it is clear that
this court has not had jurisdiction of this case since the filing of the
Appellants= Petition.@





[2]  In addition to the damages previously alleged, Tony
Cantu sought damages of $35,000 for an additional instance of alleged
extortion.





[3]  Even if we did consider the documents, they do not
advance the Cantus= issue.  First, the district court order purporting to
hold that the Cantus are not vexatious litigants does no such thing.  Instead,
it appears to deny a party=s motion to
hold Tony Cantu in contempt for violating an agreed judgment.  Although the
document reflects that one of the grounds upon which the movant sought
sanctions was that Cantu was Aengaging in
harassing and/or vexatious litigation,@
the denial of the motion is not the equivalent of a finding that Cantu was not
a vexatious litigant.  As to the second purported order, it is difficult to
evaluate out of context and, although it may support a contention that
Dominguez knew at some point that the district court judge declined to hear the
issues between Dominguez and the Cantus, the Cantus= failure to present a complete record would prevent us
from evaluating the significance, if any, of this document.





[4]  A review of the Cantus= responses to Dominguez=s motion to
declare them vexatious litigants reveals that the responses are similar to the
Cantus= appellate brief.  For example, the Cantus= first amended response to the motion appears directed
more toward their claims against Dominguez than an effort to dispute the
vexatious-litigant allegations, and the Cantus attach no evidence in support of
this response.  The Cantus= second amended
response contains the same assertions, again unsupported by evidence.  The only
evidence attached to the second amended response was in support of an included
motion for contempt and sanctions.  The Cantus also filed a motion for
reconsideration, but their assertions concerning the proceedings in several
previous lawsuits were not supported by evidence, and the evidence that was
submitted primarily related to the underlying lawsuit or the Cantus= contention that Dominguez knew that the district
court had declined to hear the Cantus=
complaints about him.





[5]  The Cantus also contend in their statement of facts
that the requirement that they post the $75,000 security violates their right
to a jury trial under the Seventh Amendment of the United States Constitution. 
See U.S. Const. amend.
VII.  The Cantus provide no argument or citations to relevant authority in
support of this contention; therefore, it is waived on appeal.  See Tex. R. App. P. 381(h); San
Saba Energy, L.P., 171 S.W.3d at 338.  Moreover,
we note that at least one Texas court has held that vexatious litigant statute
does not violate the open courts provision of the Texas Constitution.  See
Leonard, 171 S.W.3d at 457B58.





[6]  The Cantus also make a cursory complaint that they had no opportunity
to review or defend themselves from the trial court=s order declaring them to be
vexatious litigants, and that Dominguez Amanufactured@ the order, which they contend contains matters not raised
in the hearing and other Afalsehoods.@  The Cantus do not elaborate or provide any evidence
or authority to support this complaint.  However, the record of this hearing
suggests that the cases identified in the order, which Cantu sought to argue
about, were addressed at the earlier hearing. 





[7]  This court ordered the clerk=s record supplemented because it did not include
Dominguez=s motion to declare Tony Cantu a vexatious litigant,
which should have been included as a Apleading[]
on which the trial was held.@  See Tex.
R. App. P. 34.5(a) & 35.3(a).  In contrast, and as discussed above, it was
the Cantus= burden to present a complete reporter=s record, but they intentionally chose to provide this
court with only a partial record of the hearing on Dominguez=s motion.  See Tex. R. App. P. 34.6 & 
35.3(b).