Rosa Velia Sanchez de ARRELLANO, Individually and a/n/f of Griselda Arrellano, Jamie Arrellano and Cesar Arrellano, Minors; Josefina del Gadillo, as Representative of the Estate of Jamie Arrellano, Deceased; Ines Martinez de Arrellano; Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee.

No. 14–05–00466–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 2006.

Andrew T. McKinney, IV, Houston, for appellants.

Christopher J. Sebesta, The Woodlands, Jack McKinley, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and ANDERSON.

## OPINION

JOHN S. ANDERSON, Justice.

Asserting two issues, appellants Rosa Velia Sanchez de Arrellano, individually and as next friend of her minor children; Josefina del Gadillo, as representative of the estate of Jamie Arrellano, deceased; and Ines Martinez de Arrellano challenge a judgment in favor of appellee, State Farm Fire & Casualty Co., in a suit arising from the denial of coverage to Jamie Arrellano's employer, Ashik Enterprises, Inc. d/b/a/ Southwest Plumbing ("Southwest Plumbing"). Southwest Plumbing did not, itself, bring an appeal. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 2000, Jamie Arrellano died when a trench caved in on him. On the day of the accident, Arrellano worked on a four-person crew, digging a trench, and laying and leveling a sewer line in that

trench. Work in the trench had finished for the day, and the crew proceeded to clean up the job site. Five to ten minutes before the accident, Manoj Trakkar, Arrellano's site supervisor, saw Arrellano cleaning up the parking lot. No one witnessed Arrellano return to the trench, and no one knows why Arrellano returned to the trench.

Southwest Plumbing carried no worker's compensation insurance. Arrellano's family and estate filed a wrongful death action against Southwest Plumbing and obtained a money judgment. Southwest Plumbing's insurance carrier, State Farm, defended Southwest Plumbing against the claim, subject to a reservation of the right to deny coverage based on an exclusion in Southwest Plumbing's insurance contract if Arrellano died in the course and scope of his employment with Southwest Plumbing.[1] After the conclusion of the lawsuit, State Farm brought a declaratory judgment action pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code against Southwest Plumbing and appellants, seeking a declaration that State Farm has no duty to defend or indemnify Southwest Plumbing based upon State Farm's reservation of right. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1997 & Supp 2005). Appellants filed a counterclaim, seeking a declaration that State Farm has a duty to defend and indemnify Southwest in the underlying lawsuit. After a bench trial, the trial court declared Southwest Plumbing's insurance policy did not afford coverage in the underlying claim. This appeal ensued.

## DISCUSSION

Appellants challenge the judgment of the trial court in two issues. First, no evidence exists to support the trial court's judgment, and second, State Farm did not meet its burden to prove Arrellano's death occurred during the course and scope of employment.

## I. *Evidence to Support Trial Court's Judgment*

In their first issue, appellants contend no evidence supports the trial court's judgment. In an appeal from a nonjury trial, an attack on the sufficiency of the evidence must be directed at specific findings of fact, rather than at the judgment as a whole. *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Any unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or no evidence supports the finding. *Id.* We do not address appellants' first issue because appellants only challenge the trial court's judgment and not specific findings made by the trial court. We overrule appellants' first issue.

## II. *Course and Scope of Employment*

### A. **Standard of Review**

In their second issue, appellants contend State Farm did not meet its burden to prove Arrellano's death occurred during the course and scope of employment. Whether an individual acts within the course and scope of employment is generally a question of fact when more than one inference may be drawn from the evidence. *Mayes v. Goodyear Tire and Rubber Co.*, 144 S.W.3d 50, 56 (Tex.App.-Houston [1st Dist.] 2004, pet. filed). Findings of fact in a bench trial have the same

---

1. Exclusion (e) of Southwest Plumbing's insurance contract with State Farm excludes insurance coverage for bodily injury to: "(1) An employee of the insured arising out of and in the course of employment by the insured; or (2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above."

force and dignity as a jury's verdict upon jury questions. *Aguiar v. Segal,* 167 S.W.3d 443, 449 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). The trial court's findings are not conclusive, however, when, as here, there is a complete reporter's record. *In re K.R.P.,* 80 S.W.3d 669, 673 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Barrientos v. Nava,* 94 S.W.3d 270, 288 (Tex. App.-Houston [14th Dist.] 2002, no pet.). The trial court's findings will not be disturbed if evidence of probative force supports them. *Id.*

Appellants argue State Farm did not carry its burden to prove the applicability of exclusion (e), which requires proof Arrellano died in an occurrence arising out of and in the course and scope of his employment. In essence, appellants challenge the legal and factual sufficiency of the trial court's finding of fact that Arrellano was in the course and scope of his employment at the time and place of his death.

■■■ An appellate court conducts a legal and factual sufficiency review of a trial court's findings by the same standards applied when reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). If a party attacks the legal sufficiency of the evidence supporting an adverse finding on an issue on which it did not have the burden of proof, the party must demonstrate on appeal no evidence supports the adverse finding. *Price Pfister, Inc. v. Moore & Kimmey, Inc.,* 48 S.W.3d 341, 347 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). In reviewing a no evidence point, we consider all the evidence in the light most favorable to the trial court's finding, indulging every reasonable inference in favor of the prevailing party and disregarding all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001); *Price Pfister, Inc.,* 48 S.W.3d at 347. If more than a scintilla of evidence exists to support the finding, the no evidence challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998). When a party attacks the factual sufficiency of a finding, an appellate court can consider and set aside a verdict only if it is so contrary to the overwhelming weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Price Pfister, Inc.,* 48 S.W.3d at 347. In a factual sufficiency challenge, an appellate court reviews all the evidence in the record, both supporting and contrary to the finding. *Price Pfister, Inc.,* 48 S.W.3d at 347.

**B. Analysis**

■■■ At trial, the insurer has the burden of proof to show an exclusion to coverage applies. *See* TEX. INS.CODE ANN. § 554.002 (Vernon 2005); *Mescalero Energy, Inc. v. Underwriters Indem. Gen. Agency, Inc.,* 56 S.W.3d 313, 319 (Tex. App.-Houston [1st Dist.] 2001, pet. denied) (citing former statute replaced by current version now found in subject-matter codification of the Insurance Code). Here, State Farm sought to establish exclusion (e) of the insurance contract barred coverage for bodily injuries to "[a]n employee of the insured arising out of and in the course of employment by the insured." To prevail on this issue, State Farm must have established Arrellano was in the course and scope of employment at the time of his death. Specifically, State Farm needed to show Arrellano's unexplained return to the trench, after work had been completed there, satisfied the elements of course and scope of employment. Proving course and scope of employment requires showing Arrellano was acting (1) within the general

authority given him, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *Wilie v. Signature Geophysical Servs., Inc.*, 65 S.W.3d 355, 359 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

The evidence before the court consisted of excerpts from two depositions: (1) Manoj Thakkar, the plumber and supervisor at the job site on the day of the accident; and (2) Ishvar Revdiwala, the owner of Southwest Plumbing. Thakkar testified about the events at the job site on the day of the accident. The work crew on the day of the accident consisted of himself, Arrellano, Hippolito "Julio" Beneventi, and the backhoe operator. Three members of the crew came to and left the job site together. Thakkar drove a company van, and Julio drove a company truck accompanied by Arrellano. Thakkar did not testify about how the backhoe operator came and went. On the day of the accident, the crew planned to work only half the day because the client, a Buddhist temple, had an event later that afternoon. The crew had completed work in the trench, so the backhoe operator had already left for the day. Thakkar, Arrellano, and Julio proceeded to clean up the job site. Five to ten minutes before the accident, Thakkar saw both Julio and Arrellano cleaning up the job site. Thakkar then heard Arrellano yell for help from the trench, and he and Julio ran over. The trench had collapsed around Arrellano. Thakkar and Julio unsuccessfully attempted to free Arrellano from the trench.

Thakkar testified he had no idea why Arrellano would have returned to the trench after work there had been completed. State Farm's counsel asked Thakkar whether Arrellano might go into the trench to relieve himself, or whether Arrellano saw a tool in the trench and might have gone into the trench to retrieve it.

Thakkar answered affirmatively to these speculative possibilities, but no one actually *knew* why Arrellano went into the trench. Thakkar also testified, when the accident occurred, the crew had between 15 and 20 minutes more work to complete before leaving. Thakkar further testified the crew was on the clock working for an hourly wage and would be paid for their time until they drove back to the office and punched out, and if the accident had not happened, Arrellano would have returned to the office with Julio to punch out, as they did everyday.

No direct evidence reveals why Arrellano went into the trench again after work there had been completed for the day. State Farm presented several hypotheses about what might have been Arrellano's motivation. State Farm contends it established Arrellano acted within the course and scope of his employment through evidence that, just before the accident occurred, Arrellano had engaged in the general clean up of the job site and those clean up activities were Arrellano's responsibility at the end of this project.

 Even though no direct evidence exists as to why Arrellano went into the trench, the trier of fact may draw reasonable inferences from surrounding circumstances. *See Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex.2001). Circumstantial evidence does not become legally insufficient merely because more than one reasonable inference may be drawn from it. *Id.* It is for the trier of fact to decide when circumstantial evidence will support more than one reasonable inference, subject only to a factual sufficiency review by an appellate court. *See id.* However, when circumstantial evidence is so slight that any plausible inference is purely a guess, it is, in legal effect, no evidence. *Id.* When the record contains only slight circumstantial evidence, something else must be found in

the record to corroborate the probability of a fact's existence. *Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 729 (Tex.2003).

The record reveals the following evidence: (1) Arrellano performed project clean-up activities immediately before the accident; (2) Arrellano's co-workers performed the same work-related activities immediately before the accident; (3) the work-related activities would not have been completed for approximately another fifteen to twenty minutes when the accident occurred; (4) Arrellano's co-workers remained on the clock until sometime after the accident; and (5) Arrellano would have remained on the clock until he drove back to the office and punched out if the accident had not occurred. Appellants contend this evidence raises such a slight inference in State Farm's favor, it is purely a guess. We disagree. The record, here, contains more than only slight circumstantial evidence. Although no one knows why Arrellano went into the trench after work there had been completed for the day, in light of the evidence of what had been happening at the site immediately before the accident and what would have been happening immediately afterwards, the most reasonable inference is that Arrellano was acting in the course and scope of his employment when the accident occurred. Considering this evidence in the light most favorable to the trial court's finding while disregarding all evidence and inferences to the contrary, we hold the evidence is legally sufficient to support the trial court's finding Arrellano was in the course and scope of his employment at the time the trench caved-in on him.

When reviewing the evidence for factual sufficiency, we also consider the evidence contrary to the finding. *Price Pfister, Inc.,* 48 S.W.3d at 347. Thakkar testified the trench had already been cleaned for the day, and he could think of no work related reason for Arrellano to go back into the trench. Thakkar also testified that, as Arrellano's on-site supervisor, he did not instruct Arrellano to go back into the trench. Appellants argue that given this testimony, an inference that Arrellano was acting within the course and scope of employment is based on mere speculation. Again, we disagree. The evidence in favor of the trial court's judgment is not merely speculation. The findings are reasoned inferences based on circumstantial evidence. We hold appellants have not demonstrated the evidence to support the trial court's finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See id.* We overrule appellants' second issue.

CONCLUSION

Having considered and overruled each of appellants' issues on appeal, we affirm the judgment of the trial court.