Opinion issued February 1, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00636-CV






OK JIN KIM, Appellant


V.


SANTOS D. NUNEZ, Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2001-58386






MEMORANDUM OPINION

 Appellee, Santos D. Nunez, sued appellant, Ok Jin Kim, for injuries he
sustained while working at appellant's place of business. Following a bench trial, the
court rendered judgment awarding appellee $25,100. In three points of error,
appellant complains that the trial court erred in finding her negligent, in finding that
appellee met his burden of proof, and in awarding damages. We affirm. 

BACKGROUND


 In his original petition, appellee alleged that he was hired by appellant to repair
premises either owned by or under the control of appellant. Appellee further alleged
that he was injured during the course and scope of the employment due to appellant's
negligence in failing to provide a safe place to work and safe equipment and
materials. Appellee also asserted that appellant was not a subscriber to worker's
compensation insurance. 

 The case was tried to the court, which rendered judgment for appellee and filed
findings of fact and conclusions of law. Appellant has neither requested nor filed a
reporter's record. 

 The trial court's findings of fact and conclusions of law recite that the court
heard the testimony of appellee, appellant, and Sharon White, custodian of records
for Spring Branch Medical Center. The trial court found that appellee had proved his
claims by a preponderance of the evidence and awarded damages of $25,100. Other
findings by the trial court included the following facts: appellant hired appellee to
perform work on a remodeling project at appellant's place of business, Elite Auto
Sales; appellant's husband, Howard Kim, directed appellee to lean a ladder against
a dumpster to dispose of trash; appellant or her husband furnished the ladder; appellee
fell off the ladder and broke his left ankle; appellant and her husband took appellee
to Spring Branch Medical Center for treatment; appellee was treated and released;
appellee saw Dr. Smith for follow-up and paid Dr. Smith $100; appellee had surgery
on his ankle later that month; appellee was in a cast for two months and used crutches
for another six months; appellee could not return to work until 13 months after the
accident; before the accident, appellee worked a 40-hour week about half the time and
made approximately $10 per hour. The findings recite that appellant testified that the
business was in her name and that she admitted paying appellee by check after the
accident for the four days he worked at her business. 

 The trial court found that the ladder was defective, that appellant did not
provide a safe working environment, and that appellant's negligence proximately
caused appellee's injury. The trial court further found that the following sums of
money would compensate appellant for his injuries: $10,000 for past physical pain
and mental anguish, $10,000 for loss of past earning capacity, $5,000 for past
physical impairment, and $100 in past medical expenses. The trial court concluded
that appellee was entitled to recover $25,100 from appellant. 

 Appellant challenges only two of these findings: that appellant was negligent
and that appellee met his burden of proof. Appellant also challenges the trial court's
award of damages. 

DISCUSSION


A. Standard of Review

 To challenge the sufficiency of the evidence in an appeal from a nonjury trial,
an appellant must challenge specific findings of fact, not the judgment as a whole. 
Zagorski v. Zagorski, 116 S.W.3d 309, 319 (Tex. App.--Houston [14th Dist.] 2003,
pet. denied). The appellate court is bound by any unchallenged findings of fact unless
the contrary is established as a matter of law or the finding is not supported by any
evidence. Id. If the record on appeal does not include a reporter's record, the
reviewing court must presume that the evidence was sufficient to support the trial
court's findings of fact and the judgment. Nelkin v. Panzer, 833 S.W.2d 267, 268
(Tex. App.--Houston [1st Dist.] 1992, writ dism'd w.o.j.). 

B. Negligence and Burden of Proof

 In her first two points of error, appellant contends that the trial court erred in
finding (1) that appellant was negligent and (2) that appellee met his burden of proof. 
However, these findings are supported by the trial court's unchallenged fact findings
that the ladder was defective and that appellant did not provide a safe working
environment. These unchallenged fact findings are binding on this Court. 
Accordingly, we overrule appellant's first and second points of error. 

C. Damages

 In her third point of error, appellant contends that the trial court erred in
awarding damages to appellee because the evidence does not support the award. This
complaint is directed to the judgment as a whole, not to a specific finding of fact;
therefore, we do not address it. See Arrellano v. State Farm Fire & Cas. Co., 191
S.W.3d 852, 855 (Tex. App.--Houston [14th Dist.] 2006, no pet.) (declining to
discuss issue because it challenged judgment and not specific findings). We overrule
appellant's third point of error. 

D. Request for Sanctions

 Appellee asserts that, because appellant's counsel did not request a reporter's
record in this appeal, but asserts issues challenging the sufficiency of the evidence,
this appeal is frivolous and groundless. We agree. Throughout appellant's brief,
counsel refers to the evidence and the legal and factual insufficiency of that evidence. 
Counsel recites our standard for reviewing the evidence for both legal and factual
sufficiency; yet we have no evidence to review because counsel did not request or file
a reporter's record. 

 Rule 45 of the Texas Rules of Appellate Procedure provides that we may
determine that an appeal is frivolous and award just damages after considering the
record, briefs, and other papers filed in the court of appeals. Tex. R. App. P. 45. We
review the record from the standpoint of the advocate to determine whether the
advocate had reasonable grounds to believe that the case could be reversed. Lookshin
v. Feldman, 127 S.W.3d 100, 106 (Tex. App.--Houston [1st Dist.] 2003, pet. denied). 

 Here, we have only the clerk's record, briefs, and an affidavit of attorney's fees
filed by appellee. When given the opportunity to file a supplemental brief responding
to appellee's assertion that appellant's appeal was frivolous, counsel simply made
more factual arguments, unsupported by any record, contending that the evidence
supported her allegations and did not support the court's judgment. We conclude that
appellant's attorney had no reasonable basis to believe that this Court would reverse
the trial court's judgment. We further conclude that appellee is entitled to recover
damages in the amount of $4,000, his reasonable and necessary attorney's fees for
defending this appeal. 

CONCLUSION


 We affirm the judgment. We also order that counsel for appellant, Annie P.
Briscoe, individually, pay appellee, Santos Nunes, $4,000 in attorney's fees as a
sanction for filing a frivolous appeal. See Tex. R. App. P. 45.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.