Affirmed and Memorandum Opinion filed December 18, 2007








Affirmed
and Memorandum Opinion filed December 18, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00118-CV

_______________

 

LOREDANA ENTERPRISE, INC., D/B/A BABBO BRUNO AND
STEFANO BERTOLOTTI, Appellants

 

V.

 

 

REWARDS NETWORK SERVICES, INC., F/K/A IDINE RESTAURANT
GROUP, INC., Appellee

                                                                                                                                               


On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2005-57265

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








Appellee,
Rewards Network Services, Inc. (ARewards@) sued appellants, Loredana Enterprise,
Inc. (ALoredana@) and Stefano Bertolotti, alleging
breach of contract.  Following a bench trial, the court found for Rewards and
entered judgment for $29,520.24 plus pre-judgment interest, post-judgment
interest, attorney=s fees, and costs.  In three issues, appellants challenge the
legal and factual sufficiency of the evidence to support the trial court=s judgment.[1] 
All dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I. Background

Loredana
operates Babbo Bruno, a restaurant in Webster, Texas.  Rewards is a marketing
and advertising company that provides services to the restaurant industry.  In
February 2004, Loredana and Rewards entered into a contract whereby Loredana
agreed to provide Rewards with dining credits for the purchase of food,
beverages, and other services at Babbo Bruno.  In exchange, Rewards agreed to
pay Loredana a sum of money and promote Babbo Bruno to its members by providing
credits cards funded with the dining credits.  Under the agreement, Rewards was
to receive ninety percent of each transaction.  Additionally, to facilitate
payment, Loredana agreed to place all the funds earned at Babbo Bruno through
dining credits transactions into a bank account, segregated from its other
funds. Rewards had access to the account and could withdraw its share of each
transaction. Stefano Bertolotti provided his personal guaranty in the event
Loredana failed to fulfill its obligations under the contract.

Subsequently,
Rewards was denied access to the account and could not withdraw its portion of
$183.24 in dining credit transactions.   At the time, the total remaining
credits equaled $39,360.33.  Under the liquidated damages clause of the
contract, Rewards was entitled to seventy-five percent of the remaining credits
in the event of a breach of contract by Loredana.  Rewards sued Loredana and
Bertolotti for breach of contract.  The trial court rendered a judgment in
favor of Rewards; this appeal followed.

 








II. Analysis

To
recover in a breach of contract case, a plaintiff must prove (1) existence of a
valid contract; (2) plaintiff performed or tendered performance; (3) defendant
breached the contract; and (4) plaintiff was damaged as a result of that
breach.  Apache Corp. v. Dynegy Midstream Serv. Ltd. P=ship, 214 S.W.3d 554, 560 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
In their stated appellate issues, appellants claim only that Rewards did not
prove the third element of its claimCthat Loredana breached the contract. 
Specifically, appellants contend: (1) no evidence supports the trial court=s finding that Loredana breached the
contract; (2) the evidence was insufficient to support the trial court=s finding that Loredana breached the
contract; and (3) in the absence of a breach of contract by Loredana, there is
no evidence to support the finding of liability of Bertolotti under his
personal guaranty.  Additionally, although not addressed in their stated
issues, in their ASummary of the Argument,@ appellants seem to challenge the
damages awarded.  Accordingly, we will consider their complaints concerning the
breach of contract finding and damages.

A.        Breach
of Contract

In their
first and second issues, appellants contend there is no evidence or the
evidence is factually insufficient to support the trial court=s finding that Loredana breached the
contract because (1) Rewards failed to prove Loredana owed money to Rewards;
(2)  Rewards= damages were not the result of any act or omission of Loredana; (3) the
trial court could not rely on the testimony of Rewards= sole witness; and (4) Rewards made
no demand for any amount owed.

1.         Standard
of Review








A trial
court=s findings in a bench trial are
reviewable for legal and factual sufficiency of the evidence under the same
standards as are applied in reviewing evidence supporting a jury=s findings.  Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  Findings of fact in a bench trial have the
same force and dignity as a jury=s verdict on jury questions.  Arrellano
v. State Farm Fire & Cas. Co., 191 S.W.3d 852, 855B56 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
However, the trial court=s findings are not conclusive when, as here, there is a
complete reporter=s record.  Id. 

When
reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005).  We credit favorable evidence if a reasonable fact finder
could, and disregard contrary evidence if a reasonable fact finder could not.  Id.
at 827.  The evidence is legally sufficient if it would enable a reasonable and
fair-minded person to reach the verdict under review.  Id.  There is Ano evidence@ or legally insufficient evidence
when (a) there is a complete absence of evidence of a vital fact; (b) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (c) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (d) the evidence conclusively
establishes the opposite of the vital fact.  See Id. at 810; Merrell
Dow Pharms., Inc., v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  

In
reviewing factual insufficiency claims, we consider all the evidence in the
record, both supporting and contrary to the finding.  See Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  We may set aside a verdict only if it is so
contrary to the overwhelming weight and preponderance of the evidence that it
is clearly wrong and manifestly unjust.  See id.

2.         Whether
Loredana Owed Money to Rewards?

Loredana
contends the trial court erred in finding it breached the contract because
Rewards failed to prove Loredana owed money pursuant to section 9 of the
contract.  We disagree.

 








Under
Section 9 of the contract, Rewards was entitled to withdraw from Loredana=s bank account Aany amounts owed.@  The record contains ample evidence
proving Loredana owed money to Rewards.  Lisa Massey, Rewards= regional manager for Texas and
Louisiana, testified that, pursuant to the contract, Rewards provided $15,000
to Loredana in return for $24,000 in dining credits.  At some point, Rewards
purchased additional dining credits, making the total dining credits due
$47,000.  Under the contract, Rewards held the right to withdraw from Loredana=s bank account ninety percent of the
funds earned at Babbo Bruno through dining credits transactions.  To document
these transactions, Rewards introduced its Exhibit 5, an itemized list of its
member=s dines.  This exhibit documented
that between May 19, 2004 and May 21, 2004 Rewards members spent $183.78 in
dining credits at Babbo Bruno.  Under the contract, Loredana owed Rewards
ninety percent of these transactions.  Massey testified Rewards was denied
permission to withdraw the funds from Loredana=s bank account, and that Rewards was
never paid these funds.  This evidence demonstrates that Rewards was owed its
share of the $183.78 in dining credits transactions.  Therefore, we conclude
Rewards presented sufficient evidence to support the trial court=s finding that Loredana owed money
under Section 9 of the contract. 

3.         Whether Any Act or
Omission of Loredana Prevented Rewards From Withdrawing Money Owed? 

 

Loredana
further contends Rewards presented insufficient evidence for the trial court to
find the stop payments, which denied Rewards access to Loredana=s bank account, were the result of
any act or omission by Loredana.  We disagree.








Pursuant
to the contract, Loredana agreed to maintain funds earned though dining credits
transactions in a bank account, and it authorized Rewards to withdraw any
amounts owed from this bank account at any time.  In its Exhibit 4, Rewards
introduced business records detailing its understanding regarding why payments
from Loredana=s bank account were stopped.  The exhibit contains notes from a
conversation between a Rewards representative and a Loredana representative
indicating Loredana believed the usage of dining credits was Atoo much@ and that the relationship was
putting Loredana in a Afinancial snaffue [sic].@  According to the exhibit, payment
was stopped because Loredana cancelled the payment.

Nevertheless,
appellants contend Rewards did not prove the stop payment resulted from any act
or omission by Loredana.  In their brief, appellants suggest a number of
alternative reasons why the bank may have stopped payment.  However, at trial,
after asserting Amyriad@ reasons might explain the bank=s stop payment, including accident by
the bank, appellants offered no evidence to establish those reasons. Therefore,
the evidence was sufficient to support the trial court=s finding that the stop payment order
resulted from Loredana=s actions.

4.         Whether the Trial
Court Erred In Relying On Lisa Massey=s Testimony?

 

Massey
was Rewards= sole witness at trial.  Appellants contend the trial court erred in
basing its judgment on Massey=s testimony because she relied on business records not within
her personal knowledge, the relevant records were not admitted into evidence,
and she did not have personal knowledge regarding the Loredana account. 

a.         Business
Records








When a
witness possesses knowledge regarding the preparation and retention of records,
she may testify regarding the contents.  See in re E.A.K., 192 S.W.3d
133, 142 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  Here, Massey
demonstrated that she had knowledge regarding Rewards= business records.  Regarding Rewards= Exhibit 4 (Rewards= Merchant Information records),
Massey testified that Rewards maintained a call center whereby its
representatives entered notes in their computers regarding all conversations
with merchants.  Regarding Rewards= Exhibit 5 (transaction list of Rewards= members= dining credits purchases), Massey
testified Rewards tracked individual transactions through an automated process
that tabulated the amount of dining credits in each transaction with a merchant
and debited that amount from the total dining credits remaining under the
agreement.  Regarding Rewards= Exhibit 7 (Rewards= write-off statement), Massey
testified that Rewards= legal department created the statement by determining the
amount of dining credits Rewards would have been entitled to receive if
Loredana had not breached the contract.  Because Massey had knowledge regarding
the preparation and retention of each business record, the trial court was
entitled to rely on her description of those records.  See in re E.A.K.,
192 S.W.3d at 142. 

b.
        Rewards= Exhibit 6

Appellants
contend the trial court erred in finding that Loredana never remitted the
amounts owed to Rewards because Rewards relied on its Exhibit 6Brecords from a third party that were
not  admitted into evidence.  However, Massey=s testimony was not based solely on
Rewards= Exhibit 6.  As stated above, Rewards= Exhibit 5 reflected the amount
Loredana owed to Rewards.  Rewards= Exhibit 7, prepared by its legal
department, reflected the total amount of dining credits written-off by
Rewards.  Additionally, Massey had supervisory authority over Rewards= account with Loredana, and testified
that she would have personal knowledge if Loredana had, at any time, paid
Rewards.  Therefore, even if we disregard Rewards= Exhibit 6, Rewards presented sufficient
evidence to prove  Loredana failed to remit the amount owed under the contract.

Accordingly,
we conclude that the trial court did not err in relying on Massey=s testimony pertaining to Rewards= relationship and business
transactions with Loredana.

5.         Whether
Rewards Made A Demand For Amounts Due?








Lastly,
appellants contend Loredana did not breach the contract because the evidence is
insufficient to prove Rewards made a demand for payment as required by the
contract. Section 9 of the contract provides, in part:  Afunds will be maintained by
[Loredana] in the Bank Account and will be payable to [Rewards] on demand.@ (emphasis added).  Also, under 
Section 9,  Rewards may obtain payment of any amount owed from Loredana=s bank account through an automated
clearinghouse debit or otherwise. Appellants contend the contract required
Rewards to make a demand on Loredana for any amounts owed after receiving
notice regarding the stop payment from the bank. However, in finding Loredana
breached the contract, the trial court implicitly found Rewards made a demand as
contemplated by the contract.

Under
the framework created by the contract to facilitate payment, Loredana would
segregate dining credit funds from other revenue earned at Babbo Bruno into a
separate bank account from which Rewards could withdraw any amounts owed. 
However, when Rewards attempted to withdraw the amount owed for the May 19,
2004 through May 21, 2004 transactions, this payment was stopped.  In finding
Loredana breached the contract, the trial court implicitly concluded that the
attempt to withdraw was a demand for amounts owed as contemplated by the
contract.  We conclude the evidence was sufficient to support the trial court=s implicit finding that Rewards
demanded the amount due under the contract.  

In sum,
the evidence is legally sufficient to support the trial court=s breach of contract finding, and the
finding is not so contrary to the overwhelming weight and preponderance of the
evidence that it is clearly wrong and manifestly unjust.  Appellants= first and second issues are
overruled.

B.        Personal
Guaranty








In their
third issue, appellants claim that, in the absence of a breach of contract by
Loredana, there is no evidence to establish any liability by Stefano Bertolotti
under his guaranty of the contract between Loredana and Rewards.[2] 
However, having found the evidence sufficient for the trial court to conclude
Loredana breached the contract with Rewards, the trial court did not err in
holding Bertolotti to his guaranty of the contract.  Appellants= third issue is overruled.

C.        Damages

Although not included as a stated issue, in their ASummary of the
Argument,@ appellants seem to challenge the damages awarded by
the trial court.  Appellants contend the trial court erred in finding
appellants jointly and severally liable for $29,520.24 to bear post-judgment
interest at the rate of 8.25% per annum plus attorney=s fees.  However,
we conclude the trial court properly calculated damages.  

Under the liquidated damages clause of the contract,
appellants were liable for seventy-five percent of the dining credits remaining
at the time of a breach of contract plus reasonable attorney=s fees.  At the
time of breach, there were $39,360.33 in dining credits remaining under the
contract.  Seventy-five percent of $39,360.33 is $29,520.24.  The trial court
properly awarded judgment in the amount of $29,520.24.  

Under the Finance Code, a money judgment on a contract that
does not provide for interest or time price differential earns post-judgment
interest at the prime rate as published by the Board of Governors of the
Federal Reserve System on the date of computation.  See Tex. Fin. Code
Ann. ' 304.003 (Vernon
2006).  The date of computation in this case was November 27, 2006, and the
prime rate during November 2006 was 8.25%.  The trial court imposed a
post-judgment rate of interest at 8.25%; therefore, the rate of post-judgment
interest does not violate the Finance Code.  Accordingly, to the extent
appellants challenge the amount of damages awarded, we overrule these complaints.








For the reasons stated above, the judgment of the
trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Memorandum
Opinion filed December 18, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

 









[1]  Appellants=
brief to this court contains no index of authorities and, in fact, cites no
authority whatsoever as required by the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 38.1.  However, we will review this case on the merits despite
these deficiencies.

 





[2]  Appellants do not challenge the validity of the
personal guaranty itself.  Appellants=
sole contention is that in the absence of a breach of contract by Loredana,
there is no evidence to find Bertolotti liable under his personal guaranty of
the contract.