**Affirmed and Memorandum Opinion filed June 14, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00396-CV

## DONALD AND DORIS YOUNG, Appellants

## V.

## DON RAYMON CLAPSADDLE, Appellee

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 07CV1338**

## M E M O R A N D U M   O P I N I O N

In a sole issue, appellants Donald and Doris Young challenge the factual sufficiency of evidence underlying the jury's "no" answer to a negligence question submitted against appellee Raymond Clapsaddle. We affirm.

### Background

On August 11, 2007 Clapsaddle backed his vehicle into pedestrian Donald Young in the parking lot of the Kemah post office. The parking lot was crowded. The incident occurred as Donald was walking back to the post office from his truck after realizing he did not have the correct mail, and Clapsaddle was backing out of his parking spot.

Clapsaddle testified that he reversed slowly and checked his surroundings before backing out of the parking spot. Donald testified that he was being careful and paying attention as he crossed the parking lot and the vehicle reversed so quickly he did not have enough time to move out of the way. Donald had earlier testified in a deposition that he was not "especially looking for any [vehicles'] warning lights. When hit by Clapsaddle's vehicle, Donald fell, causing a head wound, a hand injury, and back pain. Doris, Donald's wife, heard moaning, got out of their truck, and found her husband lying on the ground. Doris did not see the accident.[1]

Emergency response personnel arrived, and Donald was taken to the hospital. The on-site paramedic testified that Donald told her he was "bumped" by Clapsaddle's vehicle.[2] Clapsaddle called the Youngs to see how Donald was recovering and subsequently went to the hospital to take them a copy of the police report. When Clapsaddle arrived at the hospital, he called Doris. Donald was resting, but Doris told Clapsaddle that they did not need the police report and Donald wanted him to know the accident was not his fault.[3]

A police sketch showed Clapsaddle's vehicle completely out of the parking spot at an angle. Clapsaddle testified the sketch was incorrect because he had backed only three or four feet, which was not enough to be able to "cut the wheels" as cars were on either side of him. Clapsaddle offered two explanations for how the incident may have occurred: either Donald walked into Clapsaddle's car or Donald approached Clapsaddle's car from an angle where Clapsaddle could not see Donald.

The case was tried to a jury. The jury was asked whether the negligence, if any, of Clapsaddle and Donald proximately caused the occurrence in question. The jury answered "no" as to Clapsaddle and "yes" as to Donald. The trial court entered judgment

---

[1] Doris speculated that the incident was caused by Clappsaddle reversing too fast.

[2] Donald disputes having made the statement.

[3] Doris speculated at trial that Donald meant by this comment "we knew he [Clapsaddle] hit him, but that it wasn't an on purpose thing."

that the Youngs take nothing from the lawsuit.

## Standard of Review

When a party challenges the factual sufficiency of a finding, we may only set aside a verdict if the evidence is so weak or the findings so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We may not substitute our judgment for that of the fact-finder even if the evidence "would clearly support a different result." *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). To determine whether the evidence is factually sufficient to support a finding, we must review all the evidence in the record, including evidence that supports and contradicts the finding. *Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 856 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

## Discussion

At trial, the Youngs had the burden of proof to show, by a preponderance of the evidence, that Clapsaddle was negligent and did not act as a reasonable and prudent person when he reversed out of his parking space. The jury heard the evidence from both sides. When confronted with conflicting evidence, the jury may choose which witnesses to believe and may resolve inconsistencies in any witness's testimony. *Spring Creek Vill. Apartments Phase V, Inc. v. Gen. Star Indem. Co.*, 261 S.W.3d 206, 216-17 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Donald testified he cautiously crossed the parking lot and was paying attention to where he was walking when Clapsaddle's vehicle reversed so quickly he did not have time to react. The police sketch depicted Clapsaddle's vehicle completely out of the parking space at an angle.

Clapsaddle testified he was very cautious that day, checked all of his mirrors, looked behind him while backing out very slowly, and did not see Donald. Clapsaddle

3

also testified the police sketch was wrong and he had only backed three or four feet when he collided with Donald. Cars were parked on either side of Clapsaddle's vehicle so he could not have "cut his wheels" to angle the vehicle. The jury also heard that Donald said he was "bumped" by the car, Donald was not looking for warning lights, and Donald said the accident was not Clapsaddle's fault.

Factually sufficient evidence supported both Donald's and Clapsaddle's versions of how the accident occurred. At a minimum, the evidence presented at trial was sufficient to enable reasonable and fair-minded people to differ in their conclusions. Because this evidence falls within the zone of reasonable disagreement, we decline to substitute our judgment for that of the jury. *See Ace Am. Ins. Co. v Marez*, No. 14-06-00592-CV, 2007 WL 1086991, at *7 (Tex. App.—Houston [14th Dist.] Apr. 12, 2007, no pet.) (citing *City of Keller*, 168 S.W.3d at 827). Thus, after considering and weighing all of the evidence, both supporting and conflicting with the jury's findings, we conclude the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* We therefore hold that the evidence is factually sufficient to support the jury's verdict and overrule the Youngs' sole issue.

We affirm the judgment of the trial court.


/s/          Martha Hill Jamison
             Justice


Panel consists of Justices Boyce, Christopher, and Jamison.

4