

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00343-CV

**PALMETTO POINTE APARTMENTS**,
Appellant

v.

Jonni **SALTSMAN**, Jacob Sparks and All Other Occupants,
Appellees

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2022CV01108
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:   Irene Rios, Justice
Beth Watkins, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: January 10, 2024

AFFIRMED

In this forcible detainer case, appellant Palmetto Pointe Apartments ("Palmetto") sued appellees Jonni Saltsman and Jacob Sparks (collectively "Sparks") for possession of a leased premises. Palmetto appeals a take nothing judgment challenging the trial court's determination that Palmetto failed to prove its superior right to possession. We affirm.

### BACKGROUND

Palmetto and Sparks executed a residential lease in late January 2022, and Sparks paid the prorated rent for January. According to Palmetto, Sparks then failed to timely pay rent for February

2022. On February 4, 2022, Palmetto provided Sparks a written notice to vacate the apartment for failing to timely pay rent, utilities, and other fees. The notice demanded Sparks vacate the apartment by February 7, 2022.

On February 10, 2022, when Sparks failed to vacate the apartment as demanded, Palmetto filed a forcible detainer suit in the justice of peace court. Prior to the trial in the justice court, Sparks tendered two money orders in person to Palmetto's management, who accepted them as payment for February's rent but instructed Sparks Palmetto would not accept in-person payments again. Judgment was rendered for Palmetto on March 8, 2022, and Sparks appealed de novo to the county court at law. In accordance with the Texas Rules of Civil Procedure for appealing a forcible detainer judgment, Sparks timely paid into the court's registry the required monthly rent during the pendency of the appeal. *See* TEX. R. CIV. P. 510.9.

Following a bench trial, the trial court rendered a take nothing judgment against Palmetto in Sparks's favor. At Palmetto's request, the trial court issued findings of fact and conclusions of law. Palmetto appeals.

### APPLICABLE LAW: FORCIBLE DETAINER

The sole focus of a forcible-detainer action is the right to immediate possession of real property. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). To establish a superior right to immediate possession, the plaintiff must show (1) it owns the property, (2) the defendant is a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession, (3) the plaintiff gave proper notice to the defendant to vacate the premises, and (4) the defendant refused to vacate the premises. *Id*.; *see also* TEX. PROP. CODE ANN. §§ 24.002(b), 24.005(f). "[A] tenant at sufferance is 'a tenant who has been in lawful possession of property and wrongfully remains as a holdover after the tenant's interest has expired.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915

(Tex. 2013) (quoting *tenant at sufferance*, BLACK'S LAW DICTIONARY 1605 (9th ed. 2009)). In a suit involving a tenant at sufferance, the plaintiff must give the tenant at least three days' written notice to vacate before the plaintiff files a forcible detainer suit unless the parties contracted for a different notice period. TEX. PROP. CODE ANN. § 24.005(b). Furthermore, the plaintiff must comply with statutory requirements in giving the tenant written notice to vacate. *See id*. § 24.005(f).

### TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

In its findings of fact, the trial court found that in January 2022, Palmetto and Sparks entered into a written lease agreement. The trial court also found Sparks "failed to timely pay the lease payment for February 2022." Additionally, the trial court issued several findings explaining the conflicting evidence as to the notice provided to Sparks. Notably, the trial court's findings of fact also included the following findings:

- Paragraph 9 of Exhibit "A" states as a Special Provision the following:

  "Three or more consecutive late payments made after the 10th of such months may be considered a lease default and cause for institution of eviction." (Paragraph 9 special [provision] of Plaintiff's Exhibit "A")

- Furthermore, Paragraph 9, Special Provision of Plaintiff's Exhibit "A" states:

  "The following or attached special provision and any addenda or written rules furnished to you at or before signing will become a part of this lease and will supersede any conflicting provisions of this printed lease form[.]"

Based on its findings, the trial court made two conclusions of law. Importantly, the trial court concluded:

- [Palmetto] failed to meet it[s] burden of proof that [Sparks] defaulted under the terms of the lease, specifically including the special provisions of the lease.

## PALMETTO'S ISSUES ON APPEAL

Palmetto raises two issues on appeal. Palmetto argues (1) the trial court erred in finding it failed to properly serve Sparks with the notice to vacate, and (2) the trial court erred in finding Sparks had a superior right to possession of the leased premises. Because the second issue is dispositive, we address it first.

## STANDARD OF REVIEW

In a bench trial in a civil case, an attack on the sufficiency of the evidence must generally be directed at specific findings of fact. *Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Any unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or no evidence supports the finding. *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *see Mullins v. Mullins*, 202 S.W.3d 869, 874, 876–77 (Tex. App.—Dallas 2006, pet. denied); *see also McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). Any unchallenged findings that support the judgment will preclude reversal of the case. *Zagorski*, 116 S.W.3d at 319.

In appeals from judgments after bench trials, we give the trial court's findings of fact the same weight as a jury's verdict. *Milton M. Cooke Co. v. First Bank & Trust*, 290 S.W.3d 297, 302 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Brown v. Brown*, 236 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). When an appellant challenges a trial court's findings of fact, we review those fact findings by the same standards we use to review the sufficiency of the evidence to support a jury's findings. *Pulley v. Milberger*, 198 S.W.3d 418, 426 (Tex. App.—Dallas 2006, pet. denied); *see also M.D. Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991).

We review a trial court's conclusions of law de novo and independently evaluate them to determine whether the court correctly drew its legal conclusions from the facts. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Mack v. Landry*, 22 S.W.3d 524, 528 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

In reviewing the legal sufficiency of the evidence, we must consider all the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We must consider evidence favorable to the finding if a reasonable factfinder could do so, and we must disregard contrary evidence unless a reasonable factfinder could not disregard it. *Id*. at 827. We will sustain a legal sufficiency challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence that bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. at 810.

When considering a factual sufficiency challenge, we must consider and weigh all the evidence, not just evidence which supports the findings. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). We may set aside a finding only if it is so contrary to the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

## ANALYSIS

The trial court determined that, based on special provisions in the lease, Palmetto failed to prove Sparks defaulted under the terms of the lease—thereby precluding Palmetto from successfully showing it had a superior right to possession of the leased premises. *See Shields Ltd. P'ship*, 526 S.W.3d at 478. Palmetto did not challenge the findings of fact supporting this

conclusion, specifically those referring to the special provisions in paragraph nine of the written lease. Palmetto failed to even mention the special provisions and their impact on the lease terms. Rather, in its second issue, Palmetto mistakenly claims that because the trial court found that Sparks failed to timely pay his February rent, Sparks necessarily breached the lease. The record before us does not support Palmetto's assertion. To the contrary, the trial court did not conclude Sparks breached the lease. Instead, the record reflects, and the trial court found, Sparks made one late payment in February, which was eventually paid in early March, a fact acknowledged by Palmetto. Thus, any potential breach caused by Sparks's late February payment was subsequently cured. Furthermore, because Sparks continued to pay his monthly rent into the court's registry after his February payment, the record does not indicate the trial court found Sparks failed to timely pay his rent three or more consecutive months. Therefore, the record supports the trial court's conclusion that Palmetto failed to prove Sparks defaulted under the terms of the lease.

As unchallenged findings are binding on Palmetto and this court, sufficient evidence supports the trial court's conclusion that Palmetto failed to show Sparks defaulted on the lease, and thus failed to show it had the superior right to possession. *See Mullins*, 202 S.W.3d at 874, 876–77; *Zagorski*, 116 S.W.3d at 319; *see also McGalliard*, 722 S.W.2d at 696. We overrule Palmetto's second issue. Because the second issue is dispositive, we need not address Palmetto's first issue. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**CONCLUSION**

We affirm the trial court's take nothing judgment in Sparks's favor.

Irene Rios, Justice
