Jack FITCH, et ux., Appellants,

v.

WILKINS PROPERTIES, Appellee.

No. 2–81–003–CV.

Court of Appeals of Texas, Fort Worth.

June 24, 1982.

Robert O'Donnell, Lewisville, for appellants.

L. A. Nelson, Denton, for appellee.

MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

MASSEY, Chief Justice.

This is a forcible detainer case between Wilkins Properties, lessor of property located in Denton County, and Jack Fitch and wife, lessees and operators of a restaurant located on the leased premises. The initial justice court judgment awarded Wilkins Properties (hereinafter Landlord) possession and accrued rents ($449.82), plus costs and interest. The Fitches (hereinafter Tenant) appealed to county court, but failed to file an answer. Under its pleadings filed in justice court and county court landlord took judgment by default against Tenant for possession and rents ($918.04), plus costs, interest, and attorney's fees ($1000.00). Tenant appealed to this court, but failed to timely file his brief.

Affirmed; no error shown from the face of the record.

In November 1980, Landlord purchased a small shopping center located in Flower Mound, Denton County, Texas, which included space leased and used by Tenant as a restaurant. Landlord and Tenant orally agreed that Tenant would continue to lease the premises on a month-to-month basis for $500.00 per month rent and $75.00 per month fee for natural gas furnished by Landlord.

Tenant commenced paying advance rent on January 1, 1981, and continued so paying through February and March of the same

year. Tenant, however, failed to pay his natural gas fee for the month of March, 1981; as a result, Landlord gave Tenant written notice that the parties' tenancy would terminate on April 1, 1981.

Tenant failed to vacate the premises pursuant to the notice received from Landlord. Written demand for possession was then made by Landlord on April 1, 1981.

Landlord filed its forcible detainer action in the Justice of the Peace Court of Denton County on April 14, 1981. After trial on April 27, 1981, the justice court awarded Landlord possession and accrued rents in the sum of $449.82, plus costs and interest. Tenant appealed this judgment to the County Court. Tenant filed the transcript of the justice court action on May 8, 1981.

Tenant failed to file an answer within the required five day period following certification of his transcript. Tex.R.Civ.P. 753 "Judgment by Default". Thereafter, on May 14, 1981, Landlord took judgment by default and was awarded possession, accrued rent in the amount of $918.04, costs, interest, and attorney's fees of $1000.00. Writ of restitution was issued, commanding the Sheriff to deliver possession of the premises to Landlord.

On May 22, 1981, Tenant moved in the county court to set aside the default judgment and for new trial.

In the motion to set aside, Tenant alleged that his original answer had been sent to the justice court on April 23, 1981, but that it had been inadvertently misplaced. Tenant further alleged that no notice of the *de novo* hearing in the county court had been given. Tenant averred that no prejudice would result to Landlord by force of bond posted by Tenant in an amount sufficient to meet accrued and future rents.

In his motion for new trial, Tenant alleged that "[t]he Judgment entered by the Court on the 14th day of May, 1981, is contrary to the law and the evidence". Tenant did not tender any evidence under averments of this motion.

1. Tex.R.Civ.P. 753, "Judgment by Default".

Tenant perfected his appeal to this court and received an extension of time to file his brief to November 30, 1981. No brief was filed within that time. Tenant then sent to this court a second motion for extension of time which, although dated "November 30, 1981" by Tenant's former attorney, was filed with this court, unsworn on December 7th. The motion was denied.

Tenant's brief was tendered late and out of time and is treated as written argument. Noticed is that it does not contend that acts of the trial court in denial of Tenant's motion for new trial constituted any abuse of discretion. No allegation of a meritorious defense appears in such motion, nor is such allegation found in Tenant's motion to set aside default judgment. By not attacking the denial of new trial following default judgment Tenant has conceded that this court's scope of review is limited to an inspection of the transcript to determine whether the judgment involves a matter of public interest that cannot be sanctioned by the statutes and Constitution of the State of Texas, whether it affirmatively shows Landlord was not entitled to recover, or whether it affirmatively shows that the trial court was without jurisdiction over the subject matter. *See Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979, 985 (1947).

Tenant contends that the hearing before the trial court on May 14, 1981, was limited to a Rule 753[1] determination of rights of possession since answer day on a money issue would not have occurred until the first Monday of the next term of the county court. (Tenant cites Tex.R.Civ.P. 571, "Appeal Bond", in support of this contention.) The 1943 amendment of Rule 753, which remains the law today, provides that "[s]aid cause shall be subject to trial *at any time after the expiration of five full days after the transcript* (from the justice court) *is filed in the county court. . .*", and that "[i]f the defendant made no answer in writing in the justice court and if he fails to file a written answer within five full days after the transcript is filed in the county court . . ., (then) judgment by default may be entered . . ." (emphasis supplied). The

transcript was filed on May 8, 1981; the trial court was vested with authority to enter a default judgment on May 14, 1981. We overrule the contention.

■ Tenant also contends that the ten-day notice requirement of V.A.C.S. art. 3975b, "Judgment against tenant for attorney's fees and costs of suit", was not satisfied, so that the trial court was without jurisdiction to award attorney's fees. A review of the petition of Landlord shows that it made personal, written demand (of an unspecified period) of Tenant for possession of the premises on or about April 1, 1981. The trial in the justice court occurred on April 14, 1981. Tenant had ample opportunity to apprise the trial court that the required ten days notice for fees and costs under art. 3975b may not have been satisfied, and that Landlord had thereby elected to sue for possession only. Failure to make proper ten-day demand would be considered a defense to Landlord's action but, unless Landlord affirmatively pleaded that only three days notice had been given, the absence of the words "ten-day notice" in Landlord's pleadings does not raise fundamental error. *Warren v. Kelly*, 17 Tex. 544 (1856), cited in 25 Tex.Jr.2d sec. 14, at n.4 ("Forcible Entry and Detainer—When demand for surrender of possession necessary"). The better practice, of course, might be to allege in the complaint that ten days notice, rather than three days notice, had been given a detaining tenant. However, the pleadings and judgment in this case do not affirmatively show that the trial court lacked jurisdiction to hear Landlord's action for damage, attorney's fees, and costs. Although Tenant has made reference to Landlord's testimony contained in the Statement of Facts to support his assertion that Landlord's written demand lacked the required ten days notice, this court may not search, or refer to, that part of the appellate record to determine whether such errors occurred. We overrule the contention.

■ Tenant next contends that the applicable statutes and rules of procedure do not sanction entry of a judgment in excess of the dollar jurisdictional limits of the justice court. We reject this contention. Actions for damages, costs and fees in a Forcible Entry and Detainer action are ancillary to the main action for possession, which must be initially filed in the justice court with appeal to the county court. The county court's jurisdiction was not restricted by the justice court's limitations on amount in controversy. *Williams v. Le Garage De La Paix, Inc.*, 562 S.W.2d 534, 536 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.). The justice court awarded a judgment to Wilkins Properties in the amount of $449.82; this amount was within its jurisdiction. The county court rendered judgment for $918.04; this amount represented the amount of the justice court award plus the rental that had accrued pending the appeal, and was within the county court's jurisdictional limits. No fundamental error appears.

■ Tenant's final contention is that the county court was limited in its action to finding the allegations in Landlord's complaint as true (*see* Tex.R.Civ.P. 753 "Judgment by Default") and that the court committed error by hearing evidence concerning the Landlord's unliquidated damages and attorney's fees. Rule 753 uses permissive language: the allegations of a complaint "may" be taken as admitted. The trial court was not required to render judgment in the exact amount pleaded by Landlord. In a default situation, unliquidated damages should always be proven after liability has been established as a result of a defendant's failure to answer or appear. Accrued rentals (or reasonable rental value) and attorney's fees are, by their nature, unliquidated damages. We overrule the contention.

Affirmed.