

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-15-00122-CV**

JOHN L. REED AND LH CHANEY                                    APPELLANTS
MATERIALS

V.

LEAH VANCE                                                        APPELLEE

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 017-273616-14

----------

## MEMORANDUM OPINION[1]

----------

This is a restricted appeal from a no-answer default judgment. Appellee

Leah Vance sued Appellants John L. Reed and LH Chaney Materials (Materials),

a Texas corporation, for injuries Vance sustained in a motor vehicle accident.

The trial court granted a default judgment for Vance. Reed and Materials then

---

[1]*See* Tex. R. App. P. 47.4.

filed this restricted appeal. They argue in four issues that there is error on the face of the record.

Because Vance properly pled a claim for negligence and for gross negligence against Reed and a claim for respondeat superior against Materials,[2] we affirm the trial court's judgment as to the liability[3] of Reed and Materials for those claims as pled in Vance's petition.[4] Because no reporter's record was taken of the default judgment hearing, and the record does not otherwise support the judgment, we reverse the trial court's judgment on the issue of damages and as to the finding of liability of Materials for gross negligence.

## Background

Vance's petition alleged that a truck driven by Reed, an employee of Materials, was following her vehicle too closely and struck her vehicle three

---

[2] Vance's petition also contained a section titled, "Plaintiff's Claim of Respondeat Superior Against John L. Reed," but it was word-for-word exactly the same as her claim of respondeat superior against Materials, and it invoked the doctrine against Materials, not Reed.

[3] See Morgan v. Compugraphic Corp., 675 S.W.2d 729, 732 (Tex. 1984) (stating that in the context of default judgments, "we use the term 'liability' to mean legal responsibility for the event upon which suit is based" and that "a default judgment admits that the defendant's conduct caused the event upon which the suit is based").

[4] See Paradigm Oil, Inc. v. Retamco Operating, Inc., 372 S.W.3d 177, 183 (Tex. 2012) (stating that "the non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action *properly alleged* by those facts" (emphasis added)).

times. She alleged negligence and gross negligence against Reed based on his failing to turn his vehicle to avoid a collision, failing to maintain a clear and reasonable distance between the vehicles, and failing to apply his brakes in a timely and prudent manner. She also alleged respondeat superior and gross negligence against Materials. No answer was filed by Reed and Materials.

Vance moved for default judgment approximately four months after filing suit. Vance attached to her motion an affidavit describing the accident and listing amounts for her medical costs, lost wages, and pain and suffering damages.

The trial court held a hearing at which Vance waived the making of a reporter's record. After the hearing, the trial court granted the default judgment, awarding Vance $21,390 on her negligence claim and $60,000 in exemplary damages and holding Reed and Materials jointly and severally liable for the judgment amount.

### Restricted Appeal from a No-Answer Default Judgment

"A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment."[5] To prevail on a restricted appeal, a party must show among other elements that error is apparent on the face of the record.[6] The absence of a

---

[5]*Mandel v. Lewisville I.S.D.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied); *see also* Tex. R. App. P. 30.

[6]*Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (quoting *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

3

reporter's record may be error on the face of the record; the Supreme Court of Texas has held that in a restricted appeal from a no-answer default judgment, "if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way."[7]

**Discussion**

In their first issue, Reed and Materials contend that the record contains no evidence that they were served in strict compliance with the rules governing service of process. They are correct that the trial court clerk did not include evidence of any citation or return of citation in the original clerk's record.

By a supplemental record requested by Vance, however, the appellate record does include evidence of service. The supplemental record contains a copy of the officer's return indicating personal service of the citation and petition on Reed[8] and the officer's return for the service on Materials, which was made by certified mail.[9] We therefore overrule Reed's and Materials's first issue.

---

[7] *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (citation and internal quotation marks omitted).

[8] *See* Tex. R. Civ. P. 106(a)(1), 107.

[9] *See* Tex. R. Civ. P. 106(a)(2), 107.

In their second issue, Reed and Materials argue that the face of the record does not contain sufficient evidence to support the unliquidated damages awarded to Vance. We agree.

The trial court awarded Vance actual damages for her medical costs, lost wages, and pain and suffering. Even in the context of a no-answer default judgment, "unliquidated damages should always be proven after liability has been established as a result of a defendant's failure to answer or appear."[10] Civil procedure rule 243 provides that if the cause of action is unliquidated or not proved by a written instrument, "the court *shall* hear evidence as to damages."[11] Accordingly, Vance was required to put on evidence of her damages to be entitled to a default judgment awarding those damages.[12]

The trial court's judgment stated that its damages findings were based on Vance's testimony. The judgment does not indicate whether that testimony came in the form of live testimony at the default judgment hearing or from Vance's

---

[10] *Fitch v. Wilkins Props.*, 635 S.W.2d 661, 664 (Tex. App.—Fort Worth 1982, no writ); *see also Morgan*, 675 S.W.2d at 732 ("[A] defaulting defendant does not admit that the event sued upon caused any of plaintiff's alleged injuries.").

[11] Tex. R. Civ. P. 243 (emphasis added).

[12] *See Fitch*, 635 S.W.2d at 664.

5

affidavit. An affidavit may be used to satisfy the requirement of rule 243 for "evidence as to damages."[13]

Vance's affidavit included statements that she incurred medical bills of $3,444.00, lost wages of $726.00, and "total pain and suffering damages" of $17,220.00. She further averred,

> John Reed and L.H. Chaney Materials through their agent John Reed, were grossly negligent in hitting my vehicle three times, causing me physical and emotional injury. To this day I am still fearful of driving in front of a large truck. Furthermore, I have lingering lower back and neck pain which I have been told I may never fully recover from.

Reading her affidavit in light of her petition, we conclude that her "total pain and suffering damages" includes both damages for physical pain and suffering as well as mental anguish.

The record did not contain an affidavit under civil practice and remedies code section 18.001 supporting the reasonableness of the charges for the medical services provided to her and the necessity of the services.[14] Vance's affidavit is evidence of the costs she incurred in treating her injuries, but it is not evidence of the reasonableness of those charges or of the necessity of the

---

[13] *See* Tex. R. Civ. P. 243; *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999).

[14] *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West. 2015).

6

medical services provided to her.[15]   Thus, the record contains no evidence to support an award of her medical costs.[16]

The only statements relating to mental anguish was the statement that she feared for her life during the course of the car accident and that she remains "fearful of driving in front of a large truck."   This evidence is no evidence of mental anguish.[17]   Further, the conclusory, speculative statement asserting she had lingering pain that might continue in the future was no evidence of physical pain and suffering.[18]

Further, for all of the damages alleged by Vance, the affidavit is no evidence that Reed or Materials caused her damages.   "[A] default judgment

---

[15] *Cowboys Concert Hall-Arlington, Inc. v. Jones*, No. 02-12-00518-CV, 2014 WL 1713472, at *18 (Tex. App.—Fort Worth May 1, 2014, pet. denied) (mem. op.) (holding that "an award of past medical expenses must be supported by evidence that the expenses were reasonable and necessary" and that evidence showing that expenses were incurred is not sufficient)).

[16] *See id.*

[17] *See Latham v. Castillo*, 972 S.W.2d 66, 69–70 (Tex. 1998) (stating that to recover on mental anguish, a plaintiff must present either "direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine" or "evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger" (citation and quotation marks omitted)).

[18] *See Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions."); *see also Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 833 (Tex. App.—Fort Worth 2008, no pet.) ("Speculation is not evidence.").

admits that the defendant's conduct caused the event upon which the plaintiff's suit is based."[19] But "[w]hether the event sued upon caused any injuries to the plaintiff is another matter entirely."[20] A plaintiff must prove "a causal nexus between the events sued upon and the plaintiff's injuries," and "proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled."[21] "This is true because the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit; that the defendant has defaulted does not give the plaintiff the right to recover for damages which did not arise from his cause of action."[22] Thus, a plaintiff seeking default judgment must prove not only the amount of damages sought but also that the damages sought were caused by the event sued upon. Vance's affidavit was devoid of evidence establishing the causal nexus between the event sued upon and her damages.

The affidavit is no evidence of Vance's damages. Because the affidavit is no evidence of Vance's damages, it cannot support an award of damages. Because no reporter's record was made of the hearing in this case, if Vance testified or produced any other evidence at the hearing, Reed and Materials have

---

[19]*Morgan*, 675 S.W.2d at 732.

[20]*Id.*

[21]*Id.* at 731, 732.

[22]*Id.* at 732.

no way of obtaining a record of that evidence, and we have no way of reviewing it.[23] Accordingly, Reed and Materials have shown error on the face of the record.[24] We sustain Reed's and Materials's second issue.

Because the record contains no evidence of actual damages, we further hold that the record has no evidence to support the award of exemplary damages, and thus there is error on the face of the record as to that award.[25] We sustain Reed's and Materials's third issue challenging the exemplary damages award.

Finally, Materials argues that it cannot be held vicariously liable for the gross negligence of Reed. It argues that a corporation can only be vicariously liable for exemplary damages for an employee's gross negligence if (1) the corporation authorizes or ratifies the employee's gross negligence, or (2) commits gross negligence through the act or omission of a vice-principal, and nowhere in Vance's pleadings[26] or affidavit does she state that Materials ratified

---

[23] *See Lejeune*, 297 S.W.3d at 255.

[24] *See Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976) (citing *Robinson* and reversing post-answer default judgment in a restricted appeal because of the appellant's inability to obtain a reporter's record); *Rogers*, 561 S.W.2d at 173 (citing *Robinson* and reversing a no-answer default judgment in a restricted appeal because the appellant could not obtain a reporter's record).

[25] *See Bunton v. Bentley*, 153 S.W.3d 50, 54 (Tex. 2004) (stating that exemplary damages must be "reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered") (citation and internal quotation marks omitted).

[26] *See Paradigm Oil*, 372 S.W.3d at 183.

or authorized the gross negligence of Reed or that Reed was a vice-principal of Materials.[27] It further argues that nothing in the record supports an inference of either ground. We agree.

In Vance's petition, she asserted that "[Materials's] *acts or omissions described above*, when viewed from the standpoint of Defendant [Materials] at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others" and that "[Materials] had actual subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others." [Emphasis added.] By this language, Vance pled the general elements of gross negligence.[28]

---

[27] *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921–22 (Tex. 1998) (stating that "[a] corporation may be liable in punitive damages for gross negligence only if the corporation itself commits gross negligence" and that a corporation thus is liable for punitive damages if it authorizes or ratifies an agent's gross negligence, if it is grossly negligent in hiring an unfit agent, or if it commits gross negligence through the actions or inactions of a vice principal); *see also* Restatement (Second) of Torts § 909 (1979) (discussing when punitive damages can properly be awarded against a master or other principal because of an act by an agent). *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 41.005 (West 2015) (providing four circumstances under which an employer may be liable for punitive damages for a criminal act committed by an employee).

[28] *See Mobil Oil*, 968 S.W.2d at 921 (setting out the elements of gross negligence).

Although Vance's petition referenced the "acts and omissions described above," Vance alleged no acts or omissions by Materials of any kind. She did not allege that Materials itself did anything that involved an extreme degree of risk to Vance; the only basis for liability she alleges are the acts of Reed and the fact that Reed is an employee of Materials.[29]

Materials is correct that a corporation may be held liable for the gross negligence of one of its employees only in certain circumstances, and Vance's petition did not allege any of those circumstances. Vance's petition contained no allegations that Materials authorized or ratified Reed's failing to brake, failing to swerve, or failing to maintain an adequate distance.[30] Nor does the petition allege that Materials was grossly negligent in hiring Reed or that Reed was a vice principal.[31] No facts alleged in the petition support an inference that Reed was a vice-principal of Materials, that Materials was grossly negligent in its hiring of Reed,[32] or that Materials ratified or authorized Reed's conduct.[33]

---

[29]*Contra id.* at 923 (holding that acts or omissions of Mobil itself involved an extreme degree of risk to the plaintiff).

[30]*See Paradigm Oil*, 372 S.W.3d at 183.

[31]*See Mobil Oil*, 968 S.W.2d at 922 (defining who qualifies as a vice principal).

[32]*See id.* at 921–22 (stating that a corporation may be grossly negligent in hiring an unfit agent).

[33]*See id.* at 922 (providing that "[w]hether the corporation's acts can be attributed to the corporation itself . . . is determined by reasonable inferences the

Thus, Vance did not plead any acts or omissions by Materials at all, much less facts on which Materials can be held liable for the gross negligence of Reed or from which Materials could determine the nature and the basic issues of controversy and the testimony probably relevant.[34] As such, Vance, did not allege a valid cause of action; the mere fact that an employee of a corporation committed negligence or gross negligence, without more, is simply not a basis under the law for holding a corporation liable for gross negligence. Accordingly, the petition does not support a finding of liability against Materials for gross negligence, and the trial court's judgment to the contrary is error on the face of the record. We sustain Reed's and Materials's fourth issue.

---

factfinder can draw from what the corporation did or failed to do and the facts existing at relevant times that contributed to a plaintiff's alleged damages").

[34] *See Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (stating that the test for adequate notice is "whether an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant" (citation and internal quotation marks omitted)); *see also* Tex. R. Civ. P. 90 (providing that "[e]very defect, omission or fault in a pleading . . . [that] is not specifically pointed out by exception in writing and brought to the attention of the judge . . . before the judgment is signed, shall be deemed to have been waived" but that "this rule shall *not* apply as to any party against whom default judgment is rendered" (emphasis added)); *Stoner v. Thompson*, 578 S.W.2d 679, 684–85 (Tex. 1979) (holding that a default judgment will be held erroneous if the petition does not give fair notice of the claim asserted).

**Conclusion**

Having sustained Reed's and Materials's second, third, and fourth issues, we reverse the trial court's judgment as to the award of damages against Reed and Materials, reverse the judgment as to the liability of Materials for gross negligence, affirm the judgment as to the liability of Reed for negligence and gross negligence of Materials for respondeat superior, and remand this case to the trial court for further proceedings.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  October 1, 2015